AGNES M. CLARK & others *vs.* MAYOR OF GLOUCESTER & others.

Essex. December 6, 1957. — January 8, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Equity Jurisdiction*, Taxable inhabitants' suit. *Municipal Corporations*, Trusts. *Charity*. *Trust*, Charitable trust.

A suit in equity by ten taxpayers of a city alleging merely that the city was about to sell real estate held upon a charitable trust without compliance with G. L. (Ter. Ed.) c. 40, § 15, did not lie under c. 40, § 53. [632]

A suit in equity would lie by ten taxpayers of a city under G. L. (Ter. Ed.) c. 214, § 3 (11), if filed "by leave of court," to determine the purpose to which should be devoted the proceeds of a court authorized sale by the city of real estate devised to it for a particular charitable purpose and funds bequeathed to it for that purpose where it appeared that that purpose could no longer be carried out. [633]

PETITION IN EQUITY, filed in the Superior Court on May 20, 1957.

The suit was heard by *Morton*, J., on demurrer.

In this court the case was submitted on briefs.

*Louis Albert*, for the petitioners.

*James H. Bagshaw*, for the respondents.

RONAN, J. This petition is captioned "Petition by Ten Citizens under G. L. (Ter. Ed.) c. 40, § 53," and purports to be signed by ten taxable inhabitants of Gloucester. It

alleges that the city is about to incur an obligation to convey a certain parcel of land which was devised to it by one Huntress, together with a sum of money, for the purpose of maintaining a perpetual home "for indigent females, of sixty years of age or over natives of Gloucester," which gift was accepted by the city. The city now proposes to sell the property and has advertised for bids. The petition alleges that the city has not complied with the provisions of G. L. (Ter. Ed.) c. 40, § 15, in that the city council has not voted by a two-thirds vote to authorize the sale or to fix the minimum amount to be paid by the purchaser or such other terms as the mayor shall consider proper. The petition does not pray for an injunction but alleges that as the city is holding a charitable trust recourse should be made to the Probate Court for the application of the cy pres doctrine "if the original purpose of the settlor can no longer be carried out." It does not appear from the record that the petitioners ever received leave of court to file their petition.

After sustaining the respondents' demurrer for want of equity, a final decree followed dismissing the petition. The petitioners appealed from both decrees.

The petitioners as shown by the form of their petition seem to rely upon G. L. (Ter. Ed.) c. 40, § 15, dealing with the conveyance of land or the abandonment of an easement in land that the city acquired otherwise than by purchase, rather than upon c. 40, § 53, governing the expenditure of public funds or the incurring of obligations by a city or town for a purpose or in a manner not authorized by law. Here the act complained of is that the city is selling a parcel of land presumably no longer required for the purpose for which it was devised. As the city is not about to expend any money or incur any obligation the ten taxable inhabitants statute, § 53, has no application. *Kelley* v. *Board of Health of Peabody,* 248 Mass. 165, 168–169. *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22, 27. *Lynch* v. *Cambridge,* 330 Mass. 308, 311.

While the present appeal was pending the city filed a petition in the Supreme Judicial Court against the Attorney

General under G. L. (Ter. Ed) c. 203, § 16, as amended, seeking authority to sell the trust real estate for $8,200. The petition, which was signed by the city manager, alleged that there have been no occupants since September 13, 1953, that for several years previous the income has been insufficient to support said home, that no applications for admittance have been made for several years, that the premises have fallen into disrepair and can only be restored at great expense, and that an offer of $8,200 has been made for the property. The Attorney General consented to the sale. The single justice entered a final decree authorizing the sale and ordering that the proceeds be deposited in a savings bank to be held until further order of the court, the income to be used in accordance with the will of the testator. No appeal was taken from this decree, and a sale has been made in accordance with this decree and the proceeds have been deposited in a savings account.

The disposition of these funds together with what money the city now holds as a gift from the testator can be determined upon a ten taxpayers' petition filed "by leave of court," G. L. (Ter. Ed.) c. 214, § 3 (11), or in appropriate proceedings by the city or the Attorney General having recourse to the cy pres doctrine. *Hubbard* v. *Worcester Art Museum,* 194 Mass. 280. *Trustees of the Putnam Free School* v. *Attorney General,* 320 Mass. 94. *Briggs* v. *Merchants National Bank,* 323 Mass. 261.

Now that a sale has been made and the proceeds held by the city together with the other funds contributed by the testator, and the trust has presumably become inactive, the petitioners may, if so advised, file a petition under G. L. (Ter. Ed.) c. 214, § 3 (11), and secure relief based upon the present condition of the trust. *Giles* v. *Giles,* 293 Mass. 495. *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484, 488.

*Interlocutory and final decrees*
*affirmed.*