DAVID D. NORTH, JUNIOR, & others *vs.* CITY COUNCIL
OF BROCKTON & others.

Plymouth.    October 4, 1960. — December 2, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Equity Jurisdiction,* Taxable inhabitants' suit. *Municipal Corporations,*
By-laws and ordinances.

A demurrer should have been sustained to the petition in a suit in equity
by ten taxpayers of a city under G. L. c. 40, § 53, attacking an ordi-
nance substantially reducing the work week of the members of the fire
department where the only allegations of the petition respecting the
city's raising or expending money or incurring obligations were that if
the reduced work week became effective it would be necessary for the
city to appoint additional firefighters at an increased payroll cost and
to incur other great costs in order to give the city adequate fire pro-
tection.

PETITION IN EQUITY, filed in the Superior Court on August
6, 1959.

The case was heard by. *Smith, J.*

*Edward H. Stevens,* for the interveners.

*George L. Wainwright,* for the petitioners.

WILKINS, C.J.   This petition by not less than ten tax-
payers of Brockton is brought against the city council, the
city manager, and the chief engineer of the fire department.
G. L. c. 40, § 53.   Its purpose is to enjoin the expenditure
of money or the incurring of obligations under an ordinance
reducing the work week of the members of the fire depart-
ment from fifty-six to forty-eight hours.   Members and of-
ficers of the City Firefighters Union, Local No. 144, a labor
union of the AFL–CIO, were allowed to intervene as party
respondents.   They filed a demurrer, which was overruled,
and they appealed.   There later was a hearing on the
merits which resulted in a final decree declaring the ordi-
nance invalid and purporting to enjoin its enforcement.
The intervening respondents again appealed.

There were six grounds of demurrer. If any one of them is good, the demurrer should have been sustained. *Hiller* v. *American Tel. & Tel. Co.* 324 Mass. 24, 25. The third ground is, "A taxpayers' petition, under G. L. c. 40, § 53, cannot be brought to challenge an ordinance passed by the council of the city of Brockton unless some illegal expenditures are contemplated by the passing of the ordinance, which is not shown by the petitioners' bill of complaint as amended."

The statute provides ten taxpayers with this remedy by injunction only "If a town or any of its officers or agents are about to raise or expend money or incur obligations purporting to bind said town for any purpose or object or in any manner other than that for and in which such town has the legal and constitutional right and power to raise or expend money or incur obligations . . . ." Our cases have emphasized the basic provision that the town or its officers must be about to raise or expend money or incur obligations. *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22, 27. *Amory* v. *Assessors of Boston,* 310 Mass. 199, 202. *Lowell* v. *Boston,* 322 Mass. 709, 733–735. *East Side Constr. Co. Inc.* v. *Adams,* 329 Mass. 347, 351–352. *Lynch* v. *Cambridge,* 330 Mass. 308, 311. *Clark* v. *Mayor of Gloucester,* 336 Mass. 631, 632.

The petition does not contain such allegations. The nearest approach is found in allegations upon information and belief that if the forty-eight hour week becomes effective, in order to give the city adequate fire protection, it will be necessary to appoint twenty-six additional firefighters at an increased payroll cost of $115,000, and that there will be other great additional costs. The demurrer should have been sustained.

The final decree is reversed. The interlocutory decree overruling the demurrer is reversed, and a new interlocutory decree is to be entered sustaining the demurrer. A new final decree is to be entered dismissing the petition.

*So ordered.*