HELEN SPEAR & others vs. CITY OF BOSTON & others.

Suffolk.    March 4, 1963. — April 8, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Equity Jurisdiction,* Taxable inhabitants' suit, Declaratory relief.  *Moot Question.*

Ten taxable inhabitants of a city could not maintain a suit against it, certain of its officers, and a contractor under G. L. c. 40, § 53, where it appeared that a contract between the city and the contractor attacked by the petitioners had expired and that no payments under it would be made by the city beyond payments already made; nor could the petitioners maintain the suit for declaratory relief under c. 231A as to the validity of the contract and the payments made thereunder.

PETITION filed in the Superior Court on April 14, 1961.

The suit was heard by *Reardon,* C.J.

*James F. Sullivan* for the petitioners.

*William H. Kerr* for the respondents City of Boston & others.

*Paul F. Amico* for the respondent F. J. Cavaliere & Co., Inc.

WILKINS, C.J.    This petition by not less than ten taxable inhabitants of Boston under G. L. (Ter. Ed.) c. 40, § 53, was brought originally against the city, its treasurer, its commissioner of public works, and its purchasing agent.   Later the petition was twice amended, and F. J. Cavaliere & Co. Inc. (Cavaliere), a contractor, was added as a party respondent.   The prayers of the amended petition are (1) to restrain the awarding of a contract for the purchase of seven chassis with cabs and refuse packers to be furnished by the city to Cavaliere for collecting and removing refuse and garbage in West Roxbury; (2) to restrain the payment of city funds for such purchase; (3) to restrain the city "from furnishing seven (7) twenty-cubic-yard trucks with all enclosed steel bodies" to Cavaliere; (4) (added by the first amendment on June 7, 1961) that a contract dated

April 10, 1961, and amended April 13, 1961, between Cava-
liere and the city, be "determined" to be illegal; and (5)
(added by the second amendment on May 21, 1962) that
payments of $12,010 made by the city to Cavaliere for rental
of trucks owned by Cavaliere be "declared" illegal and to
have been paid under the said illegal contract.

The issues now properly before us were presented upon a
case stated to a judge, who ruled that (1) the contract of
April 10, 1961, was valid; (2) the validity of the amendment
of April 13, 1961, had become moot in the light of an agree-
ment of November 30, 1961, between the city and Cavaliere
rescinding it; and (3) even if the challenged payments were
illegal, G. L. (Ter. Ed.) c. 40, § 53, did not authorize the
court to order the return of the $12,010.  From a final de-
cree dismissing the petition, the petitioners appealed.

The petitioners make contentions with respect to cer-
tain intermediate proceedings in the case.  After the first
amendment to the petition was allowed, there was a hearing
upon a statement of agreed facts before the same judge who
later ordered the entry of the final decree.  On July 3, 1961,
the judge filed findings, rulings, and order for decree.  As
will later appear, these are of no present effect.  Before a
final decree was entered, the respondents filed a motion that
Cavaliere be made a party respondent and that the findings,
rulings, and order for decree be vacated.  On September
20, 1961, Cavaliere was made a party respondent.  On De-
cember 12, 1961, the petitioners filed their second motion to
amend the petition which alleged that on or about December
1, 1961, the city rescinded the amendment of April 13, 1961,
and that the payments of $12,010 by the city to Cavaliere
were illegal.  This amendment was allowed when the case
stated was filed in substitution for the agreed facts.  On
May 22, 1962, the findings, rulings, and order for decree of
July 3, 1961, were vacated, and "substitute" findings, rul-
ings, and order for decree were filed.  The final decree was
entered on August 2, 1962.

As the petitioners agreed that the case should be heard on
the new basis of a case stated, which contains "all the mate-

rial, ultimate facts from which the rights of the parties are to be determined,'' they are in no position to raise questions as to the earlier decision which was vacated. For present purposes it has become a nullity. The trial judge ordered the statement of agreed facts, the findings, rulings, and order for decree of July 3, 1961, and the motion to substitute the case stated to be omitted from the record on appeal. They come before us only in an appendix to the petitioners' brief. Rule 2 (F) of the Rules for the Regulation of Practice before the Full Court, 328 Mass. 694. Without superfluous intimation as to the correctness of the vacated rulings, all questions properly here will be disposed of upon consideration of the case stated and the final decree.

This is primarily a suit for an injunction. Ten taxpayers are given this remedy only ''If a town or any of its officers or agents are about to raise or expend money or incur obligations purporting to bind said town for any purpose or object or in any manner other than that for and in which such town has the legal and constitutional right and power to raise or expend money or incur obligations . . . .'' G. L. (Ter. Ed.) c. 40, § 53. *North* v. *City Council of Brockton,* 341 Mass. 483, 484, and cases cited. See *Carr* v. *Assessors of Springfield,* 339 Mass. 89, 92–93. The contract between the city and Cavaliere expired by its terms on March 31, 1962, and we infer that no further payments will be made under it. The injunctive aspects of the case are moot.

There can be no order for repayment of the $12,010. We do not intimate that the payments were illegal, but if they were, the statute normally does not authorize the undoing of completed transactions. *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258, 260. *Morse* v. *Boston,* 260 Mass. 255, 264. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 506. *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22, 27. *Howard* v. *Chicopee,* 299 Mass. 115, 120. There is nothing remotely resembling the extraordinary conditions obtaining in *Frost* v. *Belmont,* 6 Allen, 152, and *Welch* v. *Emerson,* 206 Mass. 129. As previously indicated, nothing remains of the intermediate proceedings upon which the petitioners may rely.

The petition seeks declarations that the contract was invalid and that the payments were illegal. It does not purport to be, nor can it be maintained as, a bill for a declaratory decree under G. L. c. 231A. The petitioning taxpayers have no interest of their own apart from that of all other taxpayers. *Povey* v. *School Comm. of Medford,* 333 Mass. 70, 71–72. *Jacobson* v. *Parks & Recreation Commn. of Boston, ante,* 641, 645. Compare *Burnes* v. *Metropolitan Dist. Commn.* 325 Mass. 731, 735. Nor have the petitioners standing to obtain declaratory relief where they cannot obtain injunctive relief under G. L. (Ter. Ed.) c. 40, § 53. *Cabot* v. *Assessors of Boston,* 335 Mass. 53, 57.

The final decree dismissing the petition is affirmed.

*So ordered.*