CITY MANAGER OF MEDFORD & another *vs.* RETIREMENT BOARD OF MEDFORD.

Middlesex.   December 5, 1963. — January 7, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Retirement.   Municipal Corporations,* Officers and agents.

By reason of the amendment of G. L. c. 32, § 89A, by St. 1960, c. 728, § 16, the administration of noncontributory pensions under § 89A in a city having a Plan E form of government became vested in the city's retirement board instead of the city manager and city council as theretofore.

BILL IN EQUITY filed in the Superior Court on November 1, 1962.

The suit was heard by *Kalus,* J.

*Mark E. Gallagher, Jr.,* City Solicitor, for the plaintiff.

*Edward J. Bushell (Frederick J. Wheeler, Jr.,* with him) for the defendant.

CUTTER, J.   The Medford city manager and the members of the city council seek declaratory relief concerning (a) their powers with respect to the administration of noncontributory pensions under G. L. c. 32, § 89A, in view of St. 1960, c. 728, and (b) the effect of c. 728 in Medford,

which operates under a Plan E charter.   See G. L. c. 43, §§ 93–116, as amended.   The case was heard upon the pleadings and a statement of agreed facts.   The trial judge expressed doubt whether there was an actual controversy, and (see G. L. c. 231A, § 3) ordered the bill dismissed because the decree would not terminate the uncertainty giving rise to the proceedings, in view of the pendency of other litigation, concerning the subject matter, against the city which was not a party in this case.   From a final decree dismissing the bill the city manager and the city council appealed.

Statute 1960, c. 728, entitled, "An Act to transfer to retirement boards the responsibility for administration of certain non-contributory pension legislation," amended numerous sections of G. L. c. 32.   Section 16 of this 1960 statute amended G. L. c. 32, § 89A, so that it now contains the following provision, "The words 'appropriate public authority' as used in this section, shall mean . . . as to a . . . city . . . the appropriate retirement board, established under section twenty, having jurisdiction in the governmental unit in which person [*sic*] was employed . . . ."   Chapter 728 was enacted upon a recommendation (1960 House Doc. No. 2727) by the State Retirement Law Commission (see G. L. c. 6, § 102, inserted by St. 1958, c. 623, § 2) in its report submitted pursuant to Res. 1959, c. 57, which stated (p. 8) that there was "urgent need for transferring the responsibility for administering all retirement and pension provisions to the . . . retirement boards in the various governmental units."[1]

---

[1] The report pointed out that there were ninety-nine contributory retirement systems in the State and that retirement boards administered contributory systems only (G. L. c. 32, §§ 1–28).   The report then stated, "In addition, in every city . . . there are certain designated retiring authorities who administer various provisions for non-contributory pensions and death benefits.   This complex situation results in numerous individual officers, officials or boards . . . being charged with the . . . responsibility of retiring specified categories of public employees.   The maintenance of multiple retiring agencies in a single governmental unit is administratively unsound and leads to confusion, lack of uniformity and overlapping services.   The [c]ommission approves the proposal to consolidate in one agency the responsibility for administering retirement and pension provisions for employees of each governmental unit.   In a city, it would be the retirement board of the city . . . ."

Chapter 32, § 89A, as amended, provides for annuities to dependents of certain employees of the Commonwealth or its political subdivisions killed in the performance of their duty. Prior to the enactment of St. 1960, c. 728, § 89A was administered in Medford by the city manager (who in a Plan E city performs duties often elsewhere imposed upon the mayor, see G. L. c. 43, § 104, inserted by St. 1938, c. 378, § 15) and by the city council. Medford has a duly organized retirement board.

Since July 1, 1961, the effective date of c. 728, the retirement board has granted three applications for annuities under G. L. c. 32, § 89A. The board has requested the city manager to take the necessary steps to obtain an appropriation to pay the annuities. Other action concerning noncontributory pensions has been taken by the board and other similar matters are pending before it. The city manager and the city council contend that they, respectively, are still charged with the responsibility of discharging the duties created by c. 32, relating to non-contributory pensions and that the retirement board has no responsibility in the matter.

We do not suggest that the trial judge could not properly dismiss the bill as a matter of discretion, for the reasons stated by him. Nevertheless, since the city manager and city council have fully argued the principal issue, and because their contentions cannot prevail, a substantial amount of litigation may be avoided, if we grant declaratory relief. See *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731; *Simeone Stone Corp.* v. *Board of Appeals of Bourne,* 345 Mass. 188, 192.

The 1960 amendment of c. 32, § 89A, particularly when read in the light of the report on which the statute was based (see fn. 1, *supra*), shows that the Legislature intended that the retirement board should exercise all powers under § 89A in any city. The Legislature must have been fully aware of the problems presented by a Plan E charter in this connection, for § 89A provides that the "section shall become effective . . . in a city having a Plan E charter by the

affirmative vote of a majority of all the members of the city council.'' Yet, in designating what public authority should exercise powers under § 89A, no reference whatsoever is made either to the city manager or to the city council. The power and responsibility are placed in the retirement board, despite the circumstance that, in a city having a Plan E charter, control of the city's governmental functions and of its finances (except as to schools and a limited number of other specified matters) is placed in the city council and the city manager. See G. L. c. 43, §§ 95, 97, 104. Despite the strong legislative intention (shown in the provisions just cited) to centralize most Plan E charter powers in the city council and the city manager (see *Welch* v. *Contributory Retirement Appeal Bd.* 343 Mass. 502, 505–508), those powers may be affected by general legislation where, as here, the Legislature has indicated a clear intention to do so.

The final decree is reversed. A new decree is to be entered declaring that, in Medford, by virtue of the amendment of G. L. c. 32, § 89A, by St. 1960, c. 728, § 16, the powers and responsibility for the administration of non-contributory pension matters dealt with in G. L. c. 32, § 89A, as amended, are vested in the retirement board.

*So ordered.*