LOUIS H. PORTER *vs.* PHILLIPS KETCHUM & others, executors. Decem-
ber 2, 1964. Interlocutory and final decrees affirmed. This is an appeal
from an interlocutory decree sustaining a demurrer and from a final decree
dismissing the bill. The bill alleges that "[t]he defendants as executors
violated their duty to the plaintiff in failing to notify him at the time of
the first payment [to certain other beneficiaries] of a cash legacy in full
without a bond that they were making this payment . . . [and that] [t]he
defendants violated their duty to the plaintiff in failing to pay . . . [him]
his legacy in full at the time that the first cash legacy was paid in full
without a bond and other security." It is clear from the allegations in
the bill that the plaintiff received his legacy on August 6, 1963, which was
within one year from the date of the testatrix's death. (The testatrix
died on September 19, 1962.) The plaintiff seeks to recover "damages
of 6% per annum from the date of the first payment of a cash legacy . . .
[to others] to August 6, 1963." In essence, this suit is to recover interest
on a legacy. One of the grounds of demurrer was that the "bill fails to
set forth facts sufficient to warrant relief to the plaintiff." A demurrer
should be sustained if any one of the grounds is good. *North* v. *City
Council of Brockton,* 341 Mass. 483, 484. "Unless it is otherwise provided
in a will legacies are payable in one year from the death of the testator,"
*Wellman* v. *Boston Safe Deposit & Trust Co.* 295 Mass. 281, 283, and
interest on a legacy is not due and payable until at least one year from
the testator's death. *Miller* v. *Parish of the Epiphany,* 302 Mass. 323, 327.
*Sibley* v. *Livermore,* 332 Mass. 730, 736. Since the plaintiff received his
legacy prior to the expiration of one year from the date of the death of
the testatrix no right to interest on the legacy accrued.

*Louis H. Porter,* pro se, submitted a brief.

*Thomas S. Chittenden* for the defendants.