Bob Ware's Food Shops, Inc. *vs.* Town of Brookline
& others.

Norfolk.   May 7, 1965. — June 22, 1965.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, & Kirk, JJ.

*Equity Jurisdiction,* Declaratory relief, Zoning, Taxable inhabitants' suit.
*Zoning,* Enforcement.   *Equity Pleading and Practice,* Declaratory pro-
ceeding, Parties.   *Municipal Corporations,* Appropriations.   *Eminent
Domain,* Authority for taking.

A landowner had no standing to maintain a suit in equity under G. L.
c. 231A for a declaratory decree respecting alleged violations of the
zoning and building by-laws of the town on abutting land where the
bill did not allege any request by the plaintiff to the appropriate town
officers to enforce the by-laws and noncompliance with the request.
[388]
In a suit in equity under G. L. c. 231A by a landowner against the town
and certain of its officers for a declaratory decree respecting alleged
violations of the zoning and building by-laws on abutting land, the
owners of the abutting land should be joined as parties.   [388]
Upon the facts alleged in the bill in a suit in equity against a town under
G. L. c. 231A asserting invalidity of votes of the town making appro-
priations and authorizing borrowings, the remedy would be under c. 40,
§ 53, and a demurrer to the bill was properly sustained.   [388]
Where the bill in a suit in equity for a declaratory decree under G. L.
c. 231A by a landowner in a town suggested an imminent controversy
with the town with respect to its proposed acquisition of his land by
eminent domain, although no order of taking had been made, and chal-
lenged the validity of a vote by the town authorizing the taking, but
failed to allege facts specifically showing actual assertion by the town of
its authority to make the taking, a demurrer to the bill was properly
sustained.   [388–389]
A vote by a town, authorizing its selectmen, "in their discretion," to ac-
quire by eminent domain all or a portion of a designated parcel of land,
"provided however, that . . . [such] authority . . . shall not be exer-
cised . . . unless the [t]own shall have acquired by gift prior to" a
specified date another parcel described in the following article of the
warrant "or such interest therein or such portion or portions thereof
that the [s]electmen deem advisable," was adequately specific and was
not invalidated by the proviso.   [389–390]

Bill in equity filed in the Superior Court on Septem-
ber 11, 1964.

The plaintiff appealed from interlocutory decrees by *Cahill*, J., sustaining demurrers and from a final decree by *Ford*, J., dismissing the bill.

*Daniel G. Rollins* for the plaintiff.

*John M. Reed* (*Phillip Cowin*, Town Counsel, with him) for the defendants.

CUTTER, J. A corporation seeks declaratory relief under G. L. c. 231A against the town, the selectmen, the town treasurer, and the town building commissioner. It alleges that it owns land (lot 14A) on Centre Street, Brookline. Each defendant filed a demurrer asserting, among other things, that the bill does not state a basis for relief or any "controversy"; that the corporation has no standing; that G. L. c. 40, § 53, provides the exclusive remedy; and that there is "a want of necessary parties." We have before us appeals from the interlocutory decrees sustaining the demurrers, and from a final decree dismissing the bill. The bill makes the further allegations described below.

The town owns a municipally operated off street parking area on Centre Street abutting lot 14A and located in the same block (block 82). The warrant for the 1964 town meeting contained "articles relative to the acquisition . . . of additional municipal parking areas" in the region near Centre Street. With respect to art. 47, it was voted to authorize "the [s]electmen, in their discretion, to acquire by purchase, gift, eminent domain under . . . [G. L. c. 79] or by other means of acquisition, a certain parcel of land on Centre Street [lot 14A] or such portion or portions thereof as they deem advisable, for a municipally operated off-street parking area . . . ." It was also voted to appropriate $21,125 "to pay for the same or to be used for the payment of land damages or other costs and expenses incidental to such purchase, gift, taking or other means of acquisition, provided however, that the authority granted by any vote under this article shall not be exercised (except to acquire land by gift) unless the [t]own shall have acquired by gift prior to August 1, 1964, the parcel of land described in [a]rticle 48 of this [w]arrant or such inter-

est therein or such portion or portions thereof that the [s]electmen deem advisable.'' A vote upon art. 48 authorized the selectmen to acquire by gift nearby land, consisting of a part of lots 8 to 13, inclusive, in block 82, ''or such interest therein other than a lease exceeding five years and/or [*sic*] such portion or portions thereof as they deem advisable, for a municipally operated off-street parking area.'' Under art. 52 of the warrant the town adopted two votes, (a) to raise and appropriate $60,000 and to authorize the borrowing of $401,000 to meet the appropriations for land acquisition, under various articles including arts. 47 and 48, and (b) to raise and appropriate $60,000, and to authorize the borrowing of $188,000, for parking lot construction.

The selectmen on July 31, 1964, recorded deeds from the trustees of the Welland Trust (who are not parties to this proceeding) of a part of the parcel (adjoining lot 14A) described in the vote on art. 48 and from other grantors (also not parties) of passageways and easements within that parcel. Certain provisions of the town's zoning by-law and building by-law were stated in the bill. It was alleged also that, (a) on the date of the deed from the Welland trustees, the parcels owned by the trustees did not have the off street parking required by the zoning by-law, and (b) that one or more of the grants reduced the available parking facilities apparently in violation of the zoning by-law and eliminated a yard or court required by the building by-law.

The bill then asserted that a controversy had arisen between the corporation and the defendants, viz. the corporation contends (a) that the town has invalidly delegated to the selectmen, by the vote on art. 47, the power to decide ''what parcels . . . should be acquired to satisfy the proviso''; (b) that the votes require certain landowners to violate the zoning and building by-laws; (c) that the town had no authority to impose the proviso with respect to eminent domain proceedings, and (d) the amount appropriated for land damages is arbitrary as bearing no relation to the fair value of the property. The corporation conducts on

lot 14A a bakery which supplies eight stores and will be damaged by a cessation of its operation.

The bill seeks a declaration (a) of the validity of various aspects of the votes under arts. 47 and 48, of the several grants to the town and of the authorization for borrowing in art. 52; and (b) concerning whether the grants by the Welland trustees rendered them in violation of the building and zoning by-laws. The bill also seeks to enjoin the taking of lot 14A by eminent domain, any expenditure for acquiring or constructing the proposed off street parking area, and any borrowing under the vote upon art. 52.

1. The bill discloses that the corporation has no standing to obtain a declaration concerning the alleged violations of the zoning and building by-laws by the Welland trustees. In respect of such alleged violations the corporation is at most an abutter. It does not allege any request to the appropriate town officials to enforce the zoning by-law and their refusal or failure to do so. Such a request, followed by noncompliance, is a necessary condition precedent to relief even to a person owning land abutting on land alleged to be used in violation of zoning by-laws. See *Woods* v. *Newton, ante,* 373, 378–380. Even if relief could have been granted with respect to the alleged by-law violations, the owners of the adjoining lots should have been joined as parties. See G. L. c. 231A, § 8 (inserted by St. 1945, c. 582, § 1); *Brookline* v. *Co-Ray Realty Co. Inc.* 326 Mass. 206, 213.

2. Upon the facts here alleged, any remedy with respect to the validity of the votes making the appropriations and authorizing borrowings must be under G. L. c. 40, § 53. *Povey* v. *School Comm. of Medford,* 333 Mass. 70, 71–72.

3. There is no explicit allegation that the town proposes immediately to take lot 14A by eminent domain. There is, however, strong indication, in the several votes, and in the subsequent acquisition by gift of interests in adjacent parcels (mentioned in the proviso to the vote under art. 47), that the selectmen are likely to proceed to exercise their authority to take lot 14A. The vote under art. 47 refers

specifically to the corporation's parcel, lot 14A. Even if no order of taking has yet been made, we recognize that there is suggestion of an imminent controversy.

Declaratory relief, however, has been refused where it has been sought "to determine the validity or possible effect of . . . future acts" of a public board. *Picard* v. *Worcester,* 338 Mass. 644, 648. Cf. *Berube* v. *Selectmen of Edgartown,* 336 Mass. 634, 637 (definite failure to take action pursuant to a by-law alleged by plaintiff to be valid treated as creating a controversy). Cf. also *Meenes* v. *Goldberg,* 331 Mass. 688, 690–692 (relief granted as to existence of a municipal lien actually asserted against the plaintiffs' land). In *Trustees of Reservations* v. *Stockbridge,* 348 Mass. 511, 513, an order of taking had been actually filed. In the absence, at least, of more specific allegations of actual assertion by the town of authority to take the corporation's land, the demurrer was properly sustained even as to the validity of the vote under art. 47.

4. The matter has been argued at some length and, accordingly, we express our views (*Wellesley College* v. *Attorney Gen.* 313 Mass. 722–731; *MacKenzie* v. *School Comm. of Ipswich,* 342 Mass. 612, 614) concerning the validity of the vote under art. 47 in the respects which have been discussed in the briefs. The property to be taken was designated in the vote. Even if the selectmen had been authorized by the vote to take lot 14A, without the limitation contained in the proviso to the vote (that they obtain certain adjacent land by gift prior to August 1, 1964), they would have had a substantial range of discretion concerning whether and when to proceed to exercise the authority. We view the proviso as merely limiting their discretion, in effect, by requiring that they obtain sufficient adjacent land as a gift to permit execution of an off street parking project on lot 14A. The vote was adequately specific and showed that the town was willing that the selectmen proceed if they obtained the adjacent land "or such interest therein or such portion or portions thereof that the [s]electmen deem advisable." If anything, the proviso provided additional

guidance to the selectmen concerning whether they should exercise what was in terms an authorization, permissive in character, and not a mandatory direction.   We think that it did not invalidate the vote.[1]

> *Interlocutory and final decrees affirmed.*

---

[1] That the gift by the Welland trustees might cause them to violate the zoning and building by-laws did not invalidate the vote.   Enforcement of the by-laws, if there was a violation, would merely cause inconvenience to the owners of the land concerning which there was a violation.   The by-laws might be changed or conceivably a variance might be obtained.