ALTHEA CISZEWSKI *vs.* INDUSTRIAL ACCIDENT BOARD.

Suffolk. December 4, 1974. — March 11, 1975.

Present: TAURO, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Declaratory Judgment. Equity Jurisdiction,* Declaratory relief, Ad-
ministrative matter. *Public Board. Administrative Matter.
Workmen's Compensation Act,* Rules of Industrial Accident Board.

Allegations in the bill in a class suit in equity against the Industrial
Accident Board that it had authority to promulgate a discovery
rule proposed by the plaintiff, and disagreement as to such au-
thority by the board, rendered improper the sustaining of a
demurrer to the bill based on the ground that it failed to state an
"actual controversy" under G. L. c. 231A; it was not determina-
tive that other issues between the parties remained to be decided.
[138-139]
Good grounds for a demurrer to the bill in a class suit in equity
against the Industrial Accident Board were not set forth by allega-
tions that the plaintiff had failed to join the chairman of the board
as a party and to serve him with process [139-140]; that the bill
asked for a court order that the board adopt an administrative rule
proposed by the plaintiff rather than for an interpretation of an
existing rule [140]; or that the plaintiff had not exhausted her ad-
ministrative remedies, since the controversy centered around the
authority and power of the board to promulgate the proposed
rule, not around any discretion whether to do so [140-141].

The Industrial Accident Board has authority under G. L. c. 152, § 5, to adopt a rule permitting inspections by injured employees and their counsel of premises on which the injuries occurred. [142-143]

PETITION for a writ of mandamus filed in the Supreme Judicial Court for the county of Suffolk on January 4, 1973, transferred to the Superior Court, and amended into a bill in equity for a declaratory judgment.

A demurrer to the bill was sustained by *Kalus,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Herbert Murphy* for the plaintiff.

*Michael Eby,* Deputy Assistant Attorney General, for the Industrial Accident Board.

TAURO, C.J.    The plaintiff was injured at work when she was kicked in the mouth by her supervisor while he was stomping on an overturned drum.   This occurred after he had encountered difficulty in inserting a shell into the drum, a job regularly performed by the plaintiff. As a result, the plaintiff lost eleven teeth and required extensive dental work.   She seeks double compensation on the basis of "serious and wilful misconduct" of her supervisor.   G. L. c. 152, § 28, as appearing in St. 1943, c. 529, § 9.

The plaintiff's attorney attempted to inspect the area in which the incident occurred and was refused entry by the plant superintendent.   The plaintiff then filed a motion with the Industrial Accident Board (board) for leave to inspect, asserting that such inspection was necessary in order to establish a case of serious and wilful misconduct.

The board conducted a conference in the case, pursuant to G. L. c. 152, § 7, at which all parties were represented.   A single member of the board ruled that he had no authority to grant the plaintiff's motion.   Shortly thereafter, the plaintiff sent a letter to the chairman of the board requesting adoption of a discovery rule permitting such inspections.   The plaintiff's counsel conferred

with the chairman regarding this matter on two subsequent occasions. The board refused to act, however, on the ground that it lacked jurisdiction to adopt such a regulation despite G. L. c. 152, § 5.[1]

The plaintiff thereafter filed a petition for a writ of mandamus against the board, her employer, and his insurer seeking, inter alia, an order permitting the requested inspection. The board and the insurer demurred and the demurrers were sustained on the grounds that (1) the petition requested performance of a discretionary act not within the scope of a writ of mandamus and (2) the plaintiff failed to state a claim for which relief can be granted under a writ of mandamus.

The plaintiff then filed a motion to amend the petition for a writ of mandamus to a bill for declaratory relief. The motion was allowed, and a class suit for declaratory relief was filed. The board again demurred, alleging five specific grounds: (1) that the plaintiff failed to state an actual controversy existed within the terms of G. L. c. 231A, (2) that the plaintiff failed to join the chairman of the board as a necessary party, (3) that the plaintiff failed properly to serve process on the board by failing to name its chairman as a party, (4) that the plaintiff, in asking for adoption of a rule, and not an interpretation of an existing regulation, does not come within the terms of c. 231A, and (5) that the plaintiff has failed to exhaust her administrative remedies. The judge below sustained the demurrer with no further leave to amend, and a final decree was entered dismissing the bill. After an appeal to the Appeals Court was entered, we granted the plaintiff's application for direct appellate review, and the case is now before us.

We are faced initially with reviewing the action of the judge below in sustaining the defendant's demurrer. We,

---

[1] General Laws c. 152, § 5, as amended through St. 1972, c. 233, reads in part: "The division may make rules consistent with this chapter for carrying out its provisions. Process and procedure shall be as simple and summary as reasonably may be."

like the judge below, may consider only those grounds assigned in ruling thereon. *Johnson Prod. Inc.* v. *City Council of Medford*, 353 Mass. 540, 542 (1968), app. dism. and cert. den. 392 U. S. 296 (1968). "It is elementary that if any ground of demurrer is good, the demurrer must be sustained." *Duane* v. *Quincy*, 350 Mass. 59, 61 (1966). Accord, *Porter* v. *Ketchum*, 348 Mass. 775 (1964). The judge did not specify on which ground he sustained the demurrer. Accordingly, we must consider each ground raised to determine whether it was a proper basis for having done so. See *Duane* v. *Quincy*, *supra*. We conclude that the demurrer was improperly sustained.

1. As a first ground for demurrer, the board asserts that the plaintiff failed to state that an actual controversy exists between the parties within the terms of c. 231A. We do not find this argument persuasive. General Laws c. 231A, § 1, requires that, in order for the court to make a binding declaration of the rights, duties and other legal relations of the parties, there be an "actual controversy . . . specifically set forth in the pleadings." In the instant case, the plaintiff contends that the board has authority to promulgate the discovery rule, and the defendant disagrees. "Both parties have a definite interest in the matter involved," *New Bedford* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 329 Mass. 243, 247 (1952), and "[i]n our opinion the facts stated in the bill bring the case within the statute." *Carlton Hotel, Inc.* v. *Abrams*, 322 Mass. 201, 202 (1948). Thus, unless there are countervailing considerations, declaratory relief would be appropriate here.[2]

---

[2] We note that our decision to the effect that the declaratory judgment statute is available to determine the statutory authority of a board to promulgate a regulation has been codified by St. 1974, c. 630, § 1, amending G. L. c. 231A, § 2. Although not itself applicable here, see *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 628-629 (1974), this statute lends support to the view we have taken.

The board forcefully argues that a declaratory judgment would not be appropriate here because "such judgment . . . if rendered . . . would not terminate the uncertainty or controversy giving rise to the proceedings." G. L. c. 231A, § 3. Although we acknowledge that resolution of the question whether the board has *power* to promulgate the discovery regulation might leave open questions regarding appropriate relief, this is not a sufficient reason to refuse declaratory relief in this case. See *Boston Ins. Co.* v. *Fawcett,* 357 Mass. 535 (1970). The issue of the board's power is the key to this litigation, and as we have stated, it presents an actual controversy. "It is the kind of controversy that is especially susceptible of resolution by a declaratory decree." *Id.* at 537. Unless it is decided, the rights of the parties may never be set to rest. Accordingly, we would not deny the plaintiff access to declaratory relief merely because there are other issues which will eventually have to be decided before the rights of the parties are finally determined.[3]

2. Grounds 2 and 3 of the defendant's demurrer challenge the plaintiff's failure to join the chairman of the board as a necessary party, G. L. c. 231A, § 8, and to serve him with process. There is no merit in either of these grounds.

We made clear in *School Comm. of Boston* v. *Reilly,* 362 Mass. 334, 339-340 (1972), that the individual members of a committee need not be made parties to a suit brought on behalf of the committee. Our holding there, that "[w]here . . . the group in question is a defined public body with a small and readily ascertainable membership, asserting a common, unified position in the enforcement of public rights, there is no legal bar to

---

[3] We note that the judge has discretion to order declaratory relief even where such would not terminate the controversy. Chapter 231A, § 3, merely allows the judge to refuse declaratory relief where the controversy will not be ended; it is clear from the language of the statute that he is not required to do so.

referring collectively to the individual members of the public body by its statutory title," is equally applicable here, where the board is a defendant rather than a plaintiff. Accordingly, the plaintiff here was not required either to join the chairman or to serve process on him.

3. The board next demurs on the ground that the plaintiff asks this court to order the adoption of an administrative rule rather than to interpret an existing regulation, and therefore does not come within the ambit of a declaratory judgment procedure under c. 231A. If this ground is meant to dispute the existence of an actual controversy, we have already disposed of that issue. If the board is relying instead on G. L. c. 231A, § 2,[4] their argument fares no better. While that section specifically allows the use of the declaratory judgment procedure where the interpretation of an administrative regulation is in question, the remainder of the section makes clear that that enumeration is to be merely illustrative, and is not meant to "limit or restrict the exercise of the general powers conferred in section one." We have already decided in this case that declaratory relief is appropriate under § 1 where there is a question as to the power and authority of a governmental agency or board. Accordingly, declaratory relief is not inappropriate in this case.

4. As a final ground for demurrer, the board argues that declaratory relief is not available because the plaintiff has failed to exhaust her administrative remedies. We do not agree that this fact is sufficient to prevent access to the courts in an action of this nature. While it is true that ordinarily exhaustion of administrative remedies is required before a party may have resort to the courts, *Gordon* v. *Hardware Mut. Cas. Co.* 361

_____

[4] General Laws c. 231A, § 2, reads in part: "The procedure under section one may be used to secure determinations of right, duty, status or other legal relations under . . . administrative regulation, including determination of any question of construction or validity thereof which may be involved in such determination."

Mass. 582, 587 (1972); *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination,* 364 Mass. 444, 448 (1973), there are exceptions to this rule. In cases where, in the circumstances, the administrative remedies would be inadequate, or resort to them futile, courts can exercise jurisdiction despite the plaintiff's failure to pursue such remedies.[5] See *Jordan Marsh Co.* v. *Labor Relations Commn.* 312 Mass. 597, 601-602 (1942); *Boston Edison Co.* v. *Selectmen of Concord,* 355 Mass. 79, 84-85 (1968); *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination, supra.* This is especially true when no fact-finding by the agency is required. See *id.* at 452-453.[6]

We believe that the exceptions referred to above also apply in the instant case where the controversy centers around the authority and power of the agency, under its enabling statute, to promulgate regulations. We emphasize, however, that this exception applies only where the power and authority of the agency themselves are in question, and not where the exercise of that agency's discretion is challenged.

5. This bill for declaratory relief presents purely legal issues, not requiring findings of fact or trial on the merits. While technically the merits of this controversy are not properly before us on this record, "[a] decision will assist the Industrial Accident Board in the performance of its duties." *Pierce's Case,* 325 Mass. 649, 653

[5] We note that this exception, allowing recourse to the courts where administrative remedies would be futile, has been codified by St. 1974, c. 630, § 1, amending G. L. c. 231A. Although not applicable to the instant case, see fn. 4, this statute supports the position we have adopted.

[6] Where the agency is acting under an unconstitutional statute, or is acting beyond its jurisdiction, a judge may also exercise jurisdiction despite failure to exhaust administrative remedies. *Saint Luke's Hosp.* v. *Labor Relations Commn.* 320 Mass. 467, 470-471, and cases cited (1946). *Harrison* v. *Labor Relations Commn.* 363 Mass. 548, 551 (1973).

(1950). Since the matter has been briefed and argued at some length, we feel it appropriate to express our views. *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731 (1943). *Bob Ware's Food Shops, Inc.* v. *Brookline,* 349 Mass. 385, 389 (1965). Cf. *Thompson* v. *Chelsea,* 358 Mass. 1, 5 (1970); *DeCanio* v. *School Comm. of Boston,* 358 Mass. 116, 119 (1970). In doing so, we hope to avoid unnecessary court proceedings and "to dispose of the controversy without further delay." *O'Brien* v. *Dwight,* 363 Mass. 256, 298 (1973). Accord, *Simeone Stone Corp.* v. *Board of Appeals of Bourne,* 345 Mass. 188, 192 (1962); *City Manager of Medford* v. *Retirement Bd. of Medford,* 346 Mass. 638, 640 (1964).

The board claims that it does not have the authority to promulgate a regulation allowing inspections, despite the language of c. 152, § 5, allowing it to "make rules consistent with this chapter for carrying out its provisions." It relies first on the adequacy of other procedures specified in the statute (see §§ 2 and 8 wherein the board can make investigations itself) and on a Federal case prohibiting the Maritime Commission from promulgating a discovery rule. *Federal Maritime Commn.* v. *Anglo-Canadian Shipping Co. Ltd.* 335 F. 2d 255 (9th Cir. 1964). We are not persuaded by either contention.

The language of c. 152, § 5, is clear. It allows the board to make rules that will aid in making the distribution of workmen's compensation benefits a simple and orderly procedure. "The Legislature intended that under the workmen's compensation act, 'procedure shall be as simple and summary as reasonably may be.' . . . To this end, rules may be established by the board." *Nartowicz's Case,* 334 Mass. 684, 686-687 (1956). There is no indication either in the statute itself or in anything we have been able to find which would indicate that the clear language of the statute was not meant to apply to discovery rules. In the absence of such manifestations to the contrary, we adopt the plain meaning of the section, *Commonwealth* v. *Thomas,* 359 Mass. 386, 387 (1971);

*Gurley* v. *Commonwealth*, 363 Mass. 595, 598 (1973), and hold that the board has authority to adopt the rule requested by the plaintiff.

To the extent that the *Federal Maritime Commn.* case, *supra,* is to the contrary, we choose not to follow it. We prefer the reasoning in *National Labor Relations Board* v. *Interboro Contractors, Inc.* 432 F. 2d 854 (2d Cir. 1970), cert. den. 402 U. S. 915 (1971), recognizing the power of the National Labor Relations Board to adopt a discovery rule, as more in line with our viewpoint.

We express no opinion regarding the desirability of the requested rule allowing such inspections. This is for the board to decide. We merely state that the board possesses the authority to adopt such a rule.

The interlocutory decree sustaining the demurrer and the final decree dismissing the bill are reversed, and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*