Brassard, J.
Plaintiffs, Diane Hanrahan, Jeffrey Huze, Dana Huze, Cheryl Correia, Pamela J. Hawkes, Eileen Cebula, Barbara Acksen, Kristen McKenna, John D. McKenna and Henry Cebula as taxpayers and registered voters of the Town of Fairhaven commenced this suit, pursuant to G.L.c. 40 §53 and G.L.c. 231A, against defendants, Town of Fairhaven, Town of Fairhaven Selectmen, Town of Fairhaven Board of Public Works, Town of Fairhaven Treasurer and the Massachusetts Highway Department to challenge the construction of a bicycle path along Town properly. As grounds, plaintiffs allege that defendants failed to comply with several procedural requirements in their effort to construct the bike path on Town property. Defendants, Town of Fairhaven (‘Town”), Town Selectmen, Town Board of Public Works, Town Treasurer now move, pursuant to Mass.R.Civ.P. 56, for summary judgment on all claims asserted by plaintiffs on the grounds that there is no genuine issue of material fact and that they are entitled to summary judgment as a matter of law.[3]
BACKGROUND
The undisputed facts are as follows. Pursuant to G.L.c. 90E, the Town, in conjunction with the Massachusetts Highway Department, proposed to build a bike path on Town property. On May 4, 1996, at the Town Meeting, the Town voted unanimously to pass Article 43(a) which appropriated “the sum of $48,000 to design a bicycle path along property known as the Old Railroad Bed, from Main Street to the Mattapoisett line.” The Town also voted unanimously to pass Article 43(b) which provided in pertinent part: “(to appropriate] the sum of $696,400.00 for the construction of a bicycle path along the former property known as the Old Railroad Bed from Main Street to the Mattapoisett town line.”
In 1954, the Town voted to take by eminent domain the railroad bed owned by New York, New Haven and Hartford Railroad for various municipal purposes such as parking, sewer and highway use. This parcel of land is commonly referred to as the “Old Railroad Bed.”
The proposed bike path lies completely within land owned by the Town. With the exception of two small portions, the proposed bike path is within the Old Railroad Bed. The proposed layout of the bike path was prepared by Tibbetts Engineering, was last revised on May 12, 1997 and has been filed with the Town Clerk.
In the downtown area of the Town the Old Railroad Bed runs parallel to and abuts South Street. Where the Old Railroad Bed abuts the Rogers School yard, the Old Railroad Bed is separated from South Street by a narrow strip of land formerly owned by Bates which the Town purchased for school use in 1955. This narrow strip of land is commonly referred to as the “Bates land.” The portion of the Old Railroad Bed which abuts the Rogers school was also converted into school use by a vote at Town Meeting. In this area, the bike path, in two small sections, turns onto the Bates land. These two small sections of the Bates land were two corners of the Rogers School yard. The Town School Committee voted on October 22, 1997 that those two comers were no longer needed for school purposes. The School Committee’s vote was reported to the Selectmen and by vote at Town Meeting, those two sections of land were put under the control of the Department of Public Works for the purpose of the bike path.
The Old Railroad Bed also abuts Willow Park, dedicated park land. The proposed bike path does not enter any portion of Willow Park. This portion of the *212 Old Railroad Bed is grassed over and a row of forsythia bushes and a small flower garden has been planted there. Plaintiffs have used this portion of the Old Railroad Bed as park for over 20 years and considered it part of Willow Park.[4] The Town has never taken any formal action to convert this portion of the Old Railroad Bed into parkland.
The Town also laid out a way known as the David Drown Boulevard in a portion of the Old Railroad Bed. The Town constructed only a portion of the David Drown Boulevard. The proposed bike path crosses into an area of the Old Railroad Bed which was laid out for the boulevard but never built.
In response to an objection to the bike path from plaintiffs, the Town, on October 17, 1997 published in the New Bedford Standard Times a Notice of Intent to layout the bike path in accordance with G.L.c 82, §22. On October 22, 1997, the Town Selectmen voted affirmatively to ratify the publication of the Notice of Intent.
The Selectmen placed Article 30, which proposed to accept the layout of the bike path, on the warrant for consideration at the November 6, 1997 Special Town Meeting. The Selectmen also placed Article 31, which proposed to transfer a portion of the Bates land, over which the proposed bike path crossed, to the Department of Public Works for the purpose of a bicycle or equestrian path, on the warrant for consideration at the special town meeting.
On November 6, 1997, the Town held a special town meeting at which 254 town members were present. Article 30 was voted upon and passed by majority vote. Although the moderator did not specifically count the votes, the transcript indicated that the moderator declared that Article 30 was “definitely adopted.” The vote was reported to the Town Clerk as being unanimous. Article 31, which required a % majority vote, was also adopted. The Town Moderator counted only three votes in opposition.
DISCUSSION
A.Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving parly is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the nonmoving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motor Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
B.Article 43
Pursuant to Article 43, the Town appropriated funds to design and construct a bike path “along the Old Railroad Bed.” Plaintiffs allege that the Town has violated G.L.c. 40, §53 because a small part of the bike path will be constructed outside the Old Railroad Bed. General Laws, c. 40, §53 permits ten taxable inhabitants to bring a petition to restrain a town from acting if the town is about to raise or expend money or incur obligations “for any purpose or object or other manner other than that for and in which such town . . . has the legal and constitutional right and power to raise or expend money or incur obligations.”
First, c. 40, §53 does not provide any remedy to undo completed transactions. See Spear v. City of Boston, 345 Mass. 744, 746 (1963); Dealtry v. Selectmen of Town of Watertown, 279 Mass. 22, 27 (1932). Thus, to the extent the Town may have violated §53 when it expended funds to design a bike path which went outside the Old Railroad Bed, the Court cannot authorize repayment pursuant to §53.
Secondly, with regards to the funds appropriated to construct the bike path, to the extent that the Town may have deviated slightly from the exact language of Article 43, the error was de minimis. Although Article 43 has not been formally amended, the alleged error was rectified when the Town placed on the warrant for consideration at the special town meeting the transfer of the Bates land to the Department of Public Works for the purpose of constructing a bike path. This, in effect, amended Article 43. Thus, to the extent that an individual would have opposed Article 43 had it expressly stated that a portion of the Bates land would be utilized, the opportunity to be heard and vote against such use was afforded at the special town meeting when the vote to transfer the land was held. Accordingly, the court finds that the Town did not violate G.L.c. 40, §53 when it appropriated funds to construct a bike path.
C.The Old Railroad Bed has not been “appropriated” as a park.
Plaintiffs allege that the portion of the Old Railroad Bed which abuts Willow Park has been “appropriated” as a park as a result of plaintiffs’ use of the land as a park for at least 20 years. Thus, as plaintiffs allege, this portion of land is protected by G.L.c. 79, §5 and to change its use, the Town must comply with §5.[5] General Laws, c. 79, §5 provides in pertinent part:
No portion of a common or park dedicated to the use of the public, or appropriated to such use without interruption for a period of twenty years, shall be taken or used for a public way, canal, railroad or railway, or for altering or widening the same, except with the consent of the city or town in which such common or park is situated after public notice, given in the manner provided in cases of the laying out and alteration of highways, stating the extent and limits of the portion thereof proposed to be *213 taken. Such consent shall be expressed by a vote of the inhabitants if ten or more voters file a request in writing to that effect with the selectmen or aider-man within thiriy days after the publication of the notice . . . (emphasis added).
It is undisputed that the Town has not “dedicated” that portion of the Old Railroad Bed as a common or a park. Rather, plaintiffs’ argument is that by their use of the land as a park for 20 years, the land has been “appropriated” as a park.[6] In a governmental sense, the term “appropriate” has been defined as “to set apart from the public revenue a certain sum of money for a specified object, in such manner that the executive officers of the government are authorized to use that money, and no more, for that object and for no other.” Associated Industries of Massachusetts v. Secretary of the Commonwealth, 413 Mass. 1, 8 (1992), quoting Opinion of the Justices, 323 Mass. 764, 766 (1948). Put another way, in order for there to be an appropriation, monies must be set aside. Id..
Here, there is no evidence that the Town set aside from the public revenues a certain sum for the specified object of a park at that portion of the Old Railroad Bed which abuts Willow Park.[7] Plaintiffs’ use of the land as a park does not constitute an appropriation of the land as a park.[8] Dedication or appropriation necessarily requires some formal action by the Town. No portion of the Old Railroad Bed has been appropriated for a common or park. Thus, G.L.c. 79, §5 does not apply.
D. The Selectmen’s acceptance of the layout of the bike path.
Plaintiffs allege G.L.c. 82, §§22 and 23 required that the Selectmen hold a second vote to accept the layout of the bike path. Section 22 requires that notice be given “prior to the laying out, relocation or alteration of a town way or private way.”[9] The Town complied with §22 by publishing the notice of intent to layout the bike path in the New Bedford Standard Times. Section 23 requires that the Selectmen file the layout with the Town Clerk no less than seven days before the layout is accepted by the town at a town meeting.[10] The Town complied with §23 because the proposed layout of the bike path was filed in the town clerk’s office at least seven days prior to the vote to accept it at the November 6, 1997 special town meeting. There is simply no requirement in either §22 or §23 that the Selectmen vote to accept the layout of the bike path. The Court must construe the language of the statutes as written and will not imply a requirement where it is not expressed. See Pietech v. Massasoit Greyhound, Inc., 423 Mass. 534, 539 (1996) (court must construe statutes as they are written); Prudential Insurance Co. of America v. City of Boston, 369 Mass. 542, 547 (1976) (court must construe statute as written and event for which no provision is made does not justify judicial legislation). Accordingly, the Court finds that the Town complied with §22 and §23.
E. Propriely of Count of Votes on Article 31, transfer of Bates land.
Plaintiffs allege that the Town failed to comply with G.L.c. 39, §15because the Moderator failed to properly count the votes. The transfer of the Bates land to the Department of Public Works required a % majority vote. General Laws, c. 39, §15 requires that “(i]f a two thirds ... vote of a town meeting is required by statute, the count shall be taken, and the vote shall be recorded in the records by the clerk; ... if a vote is unanimous, a count need not been taken and the clerk may record the vote as unanimous.” The evidence indicates that 254 members were present at the special town meeting. When the vote was taken, the moderator counted three opposing votes and the rest in favor. The Court finds that he did count the votes in compliance with c. 39, §15 and that Article 31 was clearly adopted by a % majority vote.
B. David A. Drown Boulevard .
The fact that the bike path crosses into the layout of the David A. Drown Boulevard within the Old Railroad Bed does not affect the right of the Town to construct the Boulevard in the future. The bike path and the boulevard can co-exist together and share the same area.
ORDER
For the above set forth reasons, the Court hereby ORDERS that Defendants, Town of Fairhaven and Town of Fairhaven Selectmen, the Town of Fairhaven Board of Public Works and the Town of Fairhaven Treasurer’s Motion for Summary Judgment is ALLOWED.

 By Stipulation of all parties, the defendant, Massachusetts Highway Department has been dismissed from the action.

 For purposes of this motion only, the defendants concede that plaintiffs have used this portion of the Old Railroad Bed as a park.

 No portion of the Old Railroad Bed or the Bates land is protected by Article 97 of the Amendments of the Massachusetts Constitution. Article 97 only protects land “taken or acquired” for environmental or conservation purposes. When the Town took the Old Railroad Bed by eminent domain, it was taken for sewer, parking and highway purposes. Accordingly, Article 97 does not apply. Although there is a playground in the school yard, the Bates land was acquired for school purposes, not environmental or conservation purposes.

 To dedicate a portion of land “require[s] an intent on the part of the landowner manifested by unequivocal declarations or acts to appropriate his land to a public use . . . and acceptance by the public authorities either expressly or by implication.” Loriol v. Keene, 343 Mass. 358, 360 (1961).

 The Court agrees with plaintiffs that the term “dedicate” is not synonymous with the term “appropriate.” The Court can conceive a situation where a town “dedicates” a certain piece of land for a specific purpose but does not “appropriate” any funds for it.

 Assuming arguendo that this portion of the land was park, a bike path and bicycling are consistent with park use. The fact that a bike path may have a transportation component does not exclude it as a park use.

 General laws c. 82, §22 provides:
Seven days at least prior to the laying out, relocation or alteration of a town way or private way a written notice of the intention of the selectmen or road commissioners of the town to lay out, relocate or alter the same shall be left by them, at the usual place of abode of the owners of the land which will be taken for such purpose, or delivered to such owner in person or to his tenant or authorized agent. If the owner has no such place of abode in the town and no tenant or authorized agent therein known to the selectmen or if, being a resident in the town, he is not known as such to the selectmen or road commissioners, such notice shall be posted in a public place in the town seven days at least before the laying out, relocation or alteration of such way. This section shall not apply to cities.
Under the plain language of §22, notice only need be given to the owners of land which will be taken for the laying out of the town way. The Court notes, without deciding, that it appears that §22 does not apply in this case because the layout for the bike path solely consisted of Town property.

 General Laws, c. 82, §23 provides:
No town way or private way which has been laid out, relocated or altered by the selectmen or road commissioners shall, except as hereinafter provided, be established until such laying out, relocation or alteration, with the boundaries and measurements of the way, is filed in the office of the town clerk and, not less than seven days thereafter, is accepted by the town at a town meeting. This section does not apply to cities.