## SOUTHEAST FURNITURE CO. v. INDUSTRIAL COMMISSION

No. 6297.   Decided March 14, 1941.   (111 P. 2d 153.)

*George L. Nelson,* of Salt Lake City, for plaintiff.

*Grover A. Giles,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for defendant.

McDONOUGH, Justice.

Plaintiff brings this proceeding under Sec. 11(f), Chap. 55, Laws of Utah 1937, to review an order of the Industrial Commission of Utah, functioning as the Utah Labor Relations Board, in which the United Industrial Local Union No. 1068 (C.I.O.) was certified to be the appropriate unit for collective bargaining with plaintiff and in which plaintiff was "ordered and directed without further

delay to enter into negotiations for the purpose of collective bergaining with said local union * * *."

Defendant argues that this court has no jurisdiction to hear and determine this controversy because the order complained of is not a "final order" within the contemplation of Sec. 11(f) of the statute and cites *American Federation of Labor* v. *N. L. R. B.*, 308 U. S. 401, 60 S. Ct. 300, 84 L. Ed. 347; *N. L. R. B.* v. *International Brotherhood of E. W.*, 308 U. S. 413, 60 S. Ct. 306, 84 L. Ed. 354; and *N. L. R. B.* v. *Falk Corp.*, 308 U. S. 453, 60 S. Ct. 307, 84 L. Ed. 396.

As pointed out by defendant, the Utah act under which this proceeding is brought was copied after the Wagner Act, 29 U. S. C. A. § 151 et seq., enacted by the United States Congress. Sections 10(c) and 11(f) of the Utah act (Chap. 55, Laws of Utah 1937) read practically verbatim as do Secs. 9(c) and 10(f) of the United States act, 29 U. S. C. A. 159(c) and 160(f). We therefore, consider the interpretation given by the federal courts to these sections, and others which are identical. In the cases cited, supra, and in the *United Employees Ass'n* v. *N. L. R. B.*, 3 Cir., 96 F. 2d 875, the federal courts have held that certification by N. L. R. B. of a particular union as exclusive bargaining representative is not a "final order" within the meaning of the statute and, therefore, is not reviewable by the courts under Sec. 10(f), 29 U. S. C. A. 160(f).

But the order of the Board before us here not only designates a bargaining agent but it "orders" plaintiff to enter negotiations with said agent. Is, then, the entire order a "final order" and, therefore, reviewable by this Court?

Section 9 of the Utah act designates certain things as unfair labor practices, one of which subparagraph (5), is "to refuse to bargain collectively with the representatives of his employees; subject to the provisions of section 10(a)." Section 10(c) provides that the Labor Board may certify to the parties the name or names of the representatives that have been designated as the exclusive bar-

gaining agents for certain groups; and Sec. 10(d) provides that the Board's action in certifying a bargaining agent may be reviewed by the courts "whenever an order of the board *made pursuant to section* 11(c) is based * * * upon facts certified following an investigation pursuant to subsection (c) of this section [10(c)], *and* there is a *petition for the enforcement or review* of such order [11(c)] * * *." (Italics added.) Section 11 sets forth the powers of the Board to prevent unfair labor practices. Section 11(b) provides that upon charges that a person is engaged in unfair labor practices the Board shall "issue and cause to be served" a complaint which shall state the charges and give notice of a hearing "not less than five days after the serving of said complaint." The subsection further provides that "the person so complained of shall have the right to file an answer * * * and give testimony." Section 11(c) provides that testimony in such proceedings "shall be reduced to writing and filed with the board. * * * If upon all the testimony taken the board shall be of the opinion that any person named in the complaint has engaged in * * * any * * * unfair labor practice, then the board shall state its findings of fact and shall issue and cause to be served on such person an order to cease and desist * * *." Sec. 11(e) provides that the Board may petition the Supreme Court to enforce its order. Sec. 11(f) provides that "any person aggrieved by a final order * * * may obtain a review of such order in the supreme court of Utah * * *."

A rough generalization is to say that the legislature intended and courts have held in federal cases, that orders issued by the Labor Board under Sec. 11 are appealable orders while those issued under Sec. 10 are not. However, when an order made pursuant to Sec. 11 ■ is properly taken before a court for review, that court then may review the regularity of the Board's action under Sec. 10. Orders issued by the Labor Board under Sec. 10 are preliminary in nature. They merely designate the

proper bargaining agent. No action involving an unfair labor practice is involved. Regarding these orders the legislature said that there is no court review. But orders under Sec. 11 are predicated upon a complaint, hearing, and findings of fact. They are orders to "cease and desist." These are "final orders" which may by either party be taken to the courts for enforcement or review. Courts in reviewing such "final order" may also review at that time the regularity of the Board's actions under Sec. 10.

In this case the Labor Board named a bargaining agent and ordered plaintiff to bargain with said agent. But in making the latter part of its order the Labor Board was not proceeding in accordance with the statute. Only after charges of unfair labor practices have been made, a complaint issued, notice given, opportunity afforded to file an answer, a hearing held, Sec. 11(b), and findings made Sec. 11(c) may the Labor Board issue a "cease and desist" order, Sec. 11(c). In ordering plaintiff to enter negotiations the Labor Board was attempting to issue a "cease and desist" order, to wit: cease and desist from the unfair labor practice of refusing to bargain with a properly designated bargaining agent, by a short-cut method leaving out the steps provided for by statute. This the Board cannot do. It is bound to follow the procedure laid down in the statute. *Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U. S. 41, 58 S. Ct. 459, 463, 82 L. Ed. 638. In attempting to take a "short-cut" and issuing its order to "enter into negotiations" the Board was acting beyond its authority and that part of its order is a nullity. It is clear that the Board was not in a position to order plaintiff to "cease and desist" from its unfair labor practice of refusing to bargain because the designation of the bargaining agent and the order to negotiate with said agent are part of the same order. Palpably no time expired subsequent to the designation of the bargaining agent during which plaintiff could refuse to bargain and thereby commit an unfair labor practice. The two orders were simul-

taneous. The Board could not have been aware of any alleged unfair labor practice because there was no time to commit it. Therefore, it did not and could not follow the procedural steps of the statute to issue its "cease and desist" order.

It might be argued that because plaintiff sought this review it waived its right to object to the circumvention of statutory procedure by defendant and that this case should, therefore, be reviewed on its merits. But there is no positive indication that plaintiff has waived its right to object to the irregular procedure of the Board. In the second place, review is here sought only of the Board's action in designating a bargaining agent and not of any order of the Board to plaintiff to desist from any unfair labor practice of which plaintiff might be guilty. Also, this is one of the first Labor Board decisions to be brought to the Supreme Court. It is advisable, therefore, that we carefully define procedures to be followed. Insistence on proper procedure will ultimately result in a saving of the time of this court, the Labor Board, and the parties to controversies before the latter. Therefore, even if we were confronted with possible injury to plaintiff if this review were denied and settlement of a labor difficulty were delayed in order that proper procedural steps be followed, we would nevertheless be constrained to require such procedure.

A holding by this court that the Labor Board could take a "short-cut" as here pointed out would have the effect of nulifying several important procedural steps in the statute placed there to protect the rights of parties to labor controversies and to insure orderly procedure and settlement of labor cases. By way of illustration, had the Labor Board applied to this court under Sec. 11(e) to enforce its purported order to plaintiff to "enter negotiations," an objection by the employer on the ground that it had not been heard on the question of its committing an unfair labor practice would clearly preclude our entering an enforcement

order. See *Ford Motor Co.* v. *N. L. R. B.*, 305 U. S. 364, 59 S. Ct. 301, 83 L. Ed. 221.

Having decided that the part of the Labor Board's order to "enter negotiations" was a nullity, we have before us only the certification of the Board that the United Industrial Local Union No. 1068 is the appropriate bargaining agent for certain employees. Under the cases cited, supra, such designation is not a "final order" and cannot be reviewed by this court. Consequently, we express no opinion as to whether or not the Board acted properly in designating the bargaining agent.

Petition is denied and the cause dismissed.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.