JORDAN MARSH COMPANY *vs.* LABOR RELATIONS COMMISSION.

Suffolk. November 9, 1942. — December 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Labor and Labor Union. Certiorari. Pleading, Civil,* Demurrer.

The filing of a demurrer to a petition for a writ of certiorari, without the filing of a return, is permissible practice to attack the sufficiency of the petition.

In the absence of extraordinary circumstances, certiorari does not lie, previous to a proceeding under § 6 of G. L. c. 150A, inserted by St. 1938, c. 345, § 2, to correct error of law alleged to have been committed by the labor relations commission in determining a collective bargaining unit and certifying collective bargaining representatives under § 5; the remedy provided by §§ 6 (f) and 5 (d) following a proceeding under § 6 is adequate and exclusive.

PETITION for a writ of certiorari, filed in the Superior Court on June 10, 1942.

The petitioner appealed from an order by *Collins*, J., sustaining a demurrer to the petition.

*C. A. Robert*, (*W. F. Byrne* with him,) for the petitioner.

*L. E. Crowley*, for the respondents.

QUA, J.   This is a petition for a writ of certiorari to review a proceeding under § 5 (c) of the State labor relations law, G. L. c. 150A, as inserted by St. 1938, c. 345, § 2, wherein the Labor Relations Commission certified that a certain labor organization had been selected by a majority of the petitioner's employees in an appropriate bargaining unit as their representative for the purposes of collective bargaining.   Various errors are alleged to have been committed by the respondents in conducting the proceedings. The respondents demurred without filing a return, and the demurrer was sustained in the Superior Court on the ground, among others, that the petitioner had an adequate remedy under § 6 (f) of the State labor relations law.

The filing of a demurrer to a petition for a writ of certiorari, either with or without a return, is recognized as permissible practice where it is desired to attack the sufficiency of the petition itself.   *Worcester & Nashua Railroad* v. *Railroad Commissioners*, 118 Mass. 561, 564.   *Selectmen of Wakefield* v. *Judge of First District Court of Eastern Middlesex*, 262 Mass. 477.   *Webster* v. *Alcoholic Beverages Control Commission*, 295 Mass. 572.   *Irwin* v. *Municipal Court of the Brighton District of the City of Boston*, 298 Mass. 158. See. *Morrissey* v. *State Ballot Law Commission*, ante, 121, 124.

The question in the case is whether certiorari lies to correct alleged errors of law where the commission has gone no further than to determine "the unit appropriate for the purposes of collective bargaining" (§ 5 [b]) and to "certify" the name of the union "designated or selected" (§ 5 [c]) "for the purposes of collective bargaining by the majority of the employees" (§ 5 [a]) in that unit, and where there has been as yet no charge of any "unfair labor practice" on the part of the petitioner, and no "cease and desist"

order (§ 6 [c]), and where, other than as above stated, no "final order . . . granting or denying in whole or in part the relief sought" (§ 6 [f]) has been made.

Petition for certiorari is the common method available under our practice for the correction of errors of law committed in the course of proceedings of boards and commissions acting in a quasi judicial capacity. Although procedure in certiorari, with its emphasis upon the return of the respondents, may be thought cumbersome and in some respects not wholly satisfactory, yet the function performed by it is highly necessary in the modern governmental structure. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 544. *Commissioner of Public Works of Boston* v. *Justice of the Municipal Court of the Dorchester District*, 228 Mass. 12, 15. *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448, 458–459. On the other hand it is still true that certiorari is one of the so called "extraordinary remedies," and that resort may not be had to it if the law provides adequate remedies by other methods. *Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex*, 249 Mass. 465, 468. *Maher* v. *Commonwealth*, 291 Mass. 343, 345, 346. The issue therefore reduces itself to the inquiry whether the remedies afforded the petitioner by the labor relations law itself are so inadequate as to render certiorari necessary for the prevention of substantial injustice and to lead to the conclusion that the statutory remedy was not designed to be exclusive.

The structure and content of the statute make it plain that the functions of the commission are divided into two broad classes. The first class, described in § 5, originally entitled "Representatives and Elections" (see St. 1937, c. 436, § 9), has to do with the ascertainment of an appropriate bargaining unit and the certification of the collective bargaining representatives who shall have been designated or selected by the majority of the employees in that unit. The powers of the commission under § 5 do not extend beyond these two matters. Its function under § 5 is essentially a fact finding function. It does not itself select the bargaining representatives. It merely certifies those who

have been designated or selected by the majority of the employees in the unit. This is in pursuance of the declared policy of the statute to encourage and protect the practice of collective bargaining through representatives of the workers' own choosing (§ 1). This procedure does not end in any order requiring anybody to do anything and, except as hereinafter stated, there is no provision for a court review. Nevertheless the commission must provide for an "appropriate hearing" and "may take a secret ballot of employees, or utilize any other suitable method to ascertain such representatives." The second class of functions of the commission is described in § 6, which was originally entitled "Prevention of Unfair Labor Practices." See St. 1937, c. 436, § 10. Under this section it is the duty of the commission to hear complaints and to state findings of fact, but the commission may go further than merely finding the facts and may make "cease and desist" orders and other orders to effectuate the policies of the chapter. It is only in proceedings under § 6 that anyone is ordered to do anything. And § 6 (f) contains ample provisions whereby "any person aggrieved by a final order" may file in the Superior Court a transcript of the entire record and may have the order reviewed and, in a proper case, modified or set aside in whole or in part, although the commission's findings of fact, if supported by evidence, are to be conclusive. Moreover, it is provided by § 5 (d) that whenever an order under § 6 is based in whole or in part upon facts certified in accordance with § 5 the transcript of the entire record filed in court under § 6 (f) shall include the record of the investigation under § 5 and "the decree of the court enforcing, modifying, or setting aside in whole or in part the order of the commission shall be made and entered upon the pleadings, testimony and proceedings set forth in such transcript." The result is that as soon as a party is required under § 6 actually to take any action or to refrain from any action he may not only have a court review of the record of the hearing under § 6 in respect to the alleged unfair labor practice but he may at the same time have the court review the record of the hearing and

the evidential basis for the facts found in the certification proceeding under § 5. But at no other time and in no other way can he have, under the statute, a court review of the certification proceeding. The foregoing analysis of the State labor relations law is not only fairly apparent from a reading of the law itself, but is also in accordance with the construction placed by the Federal courts upon the national labor relations act (U. S. C. [1940 ed.] Title 29, §§ 151–166), which the State act closely follows, and by other State courts upon similar State statutes. *American Federation of Labor* v. *National Labor Relations Board*, 308 U. S. 401. *National Labor Relations Board* v. *International Brotherhood of Electrical Workers*, 308 U. S. 413. *National Labor Relations Board* v. *Falk Corp.* 308 U. S. 453. *Pittsburgh Plate Glass Co.* v. *National Labor Relations Board*, 313 U. S. 146, 152, 154. *United Employees Association* v. *National Labor Relations Board*, 96 Fed. (2d) 875. *Southern Steamship Co.* v. *National Labor Relations Board*, 120 Fed. (2d) 505. *Wallach's, Inc.* v. *Boland*, 277 N. Y. 345. *Southeast Furniture Co.* v. *Industrial Commission*, 100 Utah, 154.

Although not disputing what has thus far been said, the petitioner nevertheless contends that its remedy supplied by the statute is not adequate and that the petitioner should have a direct remedy by certiorari for alleged errors in the certification proceeding taken separately, without waiting until a final order shall have been entered attempting to control its conduct after a complaint against it for an unfair labor practice under § 6. It argues, not without some force, that the mere certification of bargaining representatives for a specified unit affects its interests, especially since by § 4 (5) a refusal to bargain collectively with the representatives of the employees is in itself made an unfair labor practice. The petitioner insists, in substance, that the decision in the certification proceeding has left it exposed to a complaint before the commission for an unfair labor practice and to strikes by its employees, if it should refuse to deal with the certified representatives. But the question is not whether the alternative remedy is in all respects as

prompt and as broad as an immediate petition for certiorari would be. The question is whether we ought to say that it is so inadequate that the Legislature could not have intended it as exclusive of a remedy by certiorari. We cannot go to that length in this case. If and when a complaint for an unfair labor practice is brought against the petitioner the whole proceeding, including any errors in the certifying of the representatives, will be open to court review under §§ 6 (f) and 5 (d). We think that the structure of the statute shows that the Legislature intended that at least in ordinary cases this should be the only remedy and that it was not intended .that the mere preliminary fact finding. proceeding that leads to the certification of the bargaining representatives should be separately reviewed by certiorari when elaborate methods were provided in the statute itself for review of all proceedings leading to a "final" order requiring the petitioner to act or to refrain from acting. The necessity for rapid action in matters involving labor relations, if the expected benefits of the statute are to be secured, militates against a construction that would result in introducing a lawsuit in court after the certification and before any further proceeding under the statute. See *Myers* v. *Bethlehem Shipbuilding Corp.* 303 U. S. 41. It is not necessary now to determine that no case could ever exist where the effect of a mere certification might be so immediately and completely disastrous to the legally protected interests of the employer that the Legislature must be presumed to have intended to leave open some avenue of escape other than the review provided for in the statute. See *American Federation of Labor* v. *National Labor Relations Board,* 308 U. S. 401, 404, 411, 412; *International Brotherhood of Electrical Workers* v. *National Labor Relations Board,* 41 Fed. Sup. 57; *Klein* v. *Herrick,* 41 Fed. Sup. 417. If there can be such a case there are no allegations in the petition now before us to indicate that this is such a case.

The demurrer was rightly sustained.

*Order sustaining demurrer affirmed.*
*Petition dismissed.*