WORCESTER INDUSTRIAL TECHNICAL INSTITUTE
INSTRUCTORS ASSOCIATION INCORPORATED *vs.* LABOR
RELATIONS COMMISSION & another.

Worcester.    February 2, 3, 1970. — March 4, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Labor. Municipal Corporations,* Employees, Collective bargaining. *Equity Jurisdiction,* Premature proceeding, Review of decision of Labor Relations Commission.

A petition under G. L. c. 30A, § 14, for judicial review of a decision of the State Labor Relations Commission was brought prematurely and was rightly dismissed where it appeared that, following a petition to the commission under G. L. c. 149, § 178H, by an association for certification as the collective bargaining agent of certain municipal employees, the commission merely decided which employees comprised an appropriate bargaining unit and directed an election by ballot to determine which of three organizations a majority of such employees would choose as their collective bargaining agent, or whether they desired not to be represented by any organization, and there did not appear to be any extraordinary circumstances to justify judicial review of the decision.

PETITION filed in the Superior Court on April 2, 1968.

The case was heard by *Meagher,* J., on demurrer.

*Lawrence S. O'Connor* for Worcester Industrial Technical Institute Instructors Association Incorporated.

*James J. Cody, Jr.,* for Labor Relations Commission.

*William A. Waldron (George R. Shea, Jr.,* with him) for Worcester Vocational Teachers Association.

357 Mass. 118                                                  119

Worcester Indus. Tech. Inst. Instructors Assn. Inc. *v.* Labor Rel. Commn.

REARDON, J.   This case comes before this court upon appeal from a final decree of a judge of the Superior Court dismissing a petition for judicial review of certain determinations by the appellee Labor Relations Commission (Commission) under G. L. c. 149, §§ 178G–178N.   The petition was brought under G. L. c. 30A, § 14, by the appellant Worcester Industrial Technical Institute Instructors Association Incorporated to challenge a "Decision" and direction of election by the Commission.   The appellant also appealed from an interlocutory decree sustaining the Commission's demurrer to the petition.

The proceedings held before the Commission disclose the following.   On May 2, 1967, the Worcester Vocational Teachers Association, which is an appellee here, filed a petition with the Commission under G. L. c. 149, §§ 178G–178N, seeking certification as the collective bargaining representative of certain day schoolteachers employed at three Worcester vocational schools by the Worcester Vocational School Department and numbering approximately 120.   This association contended that the 120 teachers at the three schools constituted an appropriate collective bargaining unit.

The appellant, as an intervener in the proceedings before the Commission, proposed that a second and separate unit of sixteen teachers, limited solely to teachers at one of the schools, be carved out of the 120.   A third and separate unit of nineteen teachers was similarly proposed for teachers of academic subjects in another school.   These proposals were based on the argument that the teachers represented by the interveners were "professional employee[s]" within the meaning of G. L. c. 149, § 178G, and should therefore be entitled to separation under G. L. c. 149, § 178H (4),[1] from those of the 120 teachers who were not professional employees.

---

[1] "The commission shall decide in each case whether the appropriate unit for purposes of collective bargaining shall be the municipal employer unit or any other unit thereof; provided, uniformed employees of the fire department shall be in a separate unit; and provided, further, that no unit shall include both professional and nonprofessional employees unless a majority of such professional employees vote for inclusion in such unit."

120                                                             357 Mass. 118

Worcester Indus. Tech. Inst. Instructors Assn. Inc. *v.* Labor Rel. Commn·

At the conclusion of the hearing the Commission found as a fact that the teaching personnel of the Worcester Vocational School Department are professional employees and also employees certified by the Commonwealth of Massachusetts. It also found that they have a mutuality of interests in the teaching and instruction of students and in the use of the same facilities and are subject to the same overall supervision and attendance at common faculty meetings. The Commission concluded there was "no compelling reason for separating these employees into two small units, one of sixteen employees, and the other of nineteen employees," and that the appropriate bargaining unit should comprise all of the professional day schoolteachers with certain relevant exclusions. It directed an election in which a ballot might offer a choice to a majority of the employees between the appellant, the appellee association, and a second intervening group, or no organization at all.

General Laws c. 30A, § 14, provides for judicial review of a "final decision of any agency in an adjudicatory proceeding." A commission decision and order for an election has been held not to be a final decision in an adjudicatory proceeding subject to judicial review. *City Manager of Medford* v. *State Labor Relations Commn.* 353 Mass. 519, 522–523, and cases cited. See *Jordan Marsh Co.* v. *Labor Relations Commn.* 312 Mass. 597, 602. In ordinary cases judicial review of certification issues may take place only after there has been a commission decision based upon an unfair labor practice. Then the entire proceeding, including certification, is open to judicial review. *City Manager of Medford* v. *State Labor Relations Commn., supra,* at p. 522–523. Extraordinary circumstances making certification questions of vital significance may permit other avenues of review. *City Manager of Medford* v. *State Labor Relations Commn., supra,* at p. 522. There appear to be no extraordinary circumstances in the instant case. The parties must first exhaust their other available remedies before they resort to judicial review. Under G. L. c. 149, § 178L, the municipal employer is prohibited from "(1) interfering with, restraining or

coercing employees in the exercise of the rights guaranteed in" § 178H. One of these rights is that "no unit shall include both professional and nonprofessional employees unless a majority of such professional employees vote for inclusion in such unit." G. L. c. 149, § 178H (4). If the Commission's decision has resulted in a prohibited practice there are courses open to the appellant before the Commission following which, and after denial of complaint, judicial review might properly take place. See *City Manager of Medford* v. *State Labor Relations Commn., supra*, at p. 523. However, the present petition of the appellant is premature and the order must be

*Interlocutory and final decrees affirmed.*