JOHN R. HARRISON & others [1] *vs.* LABOR RELATIONS
COMMISSION. [2]

Suffolk. February 7, 1973. — May 7, 1973.

Present: TAURO, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Labor. Municipal Corporations,* Employees, Collective bargaining, Fire department. *Words,* "Executive officers."

Discussion of authorities regarding the appropriateness of judicial review of a decision of the Labor Relations Commission before the commission has issued or denied an order to desist from a prohibited practice, constituting a "final decision" within G. L. c. 30A, § 14. [550–552]

---

[1] The plaintiffs are representatives of the Fire Chiefs' Association of Boston.

[2] In the Superior Court the city of Boston and representatives of the members of Boston Firefighters Local 718, International Association of Firefighters, AFL-CIO, were permitted to intervene.

A contention by the Fire Chiefs' Association of Boston that assent by the city of Boston to election arrangements for a collective bargaining unit consisting of deputy chiefs and district chiefs of the Boston fire department in response to a decision of the Labor Relations Commission constituted a waiver of the city's right to appeal the commission's decision could not be considered where the documents on which the Association's contention depended were not printed in the record but submitted separately without consent or authorization. [552]

A decision by the Labor Relations Commission that deputy chiefs and district chiefs of the Boston Fire Department were "executive officers" exempted from coverage by G. L. c. 149, § 178G, and thus not an appropriate collective bargaining unit was supported by subsidiary findings of the commission and should have been affirmed by the Superior Court on a bill for judicial review of the commission's decision under G. L. c. 30A, § 14. [552–553]

BILL IN EQUITY filed in the Superior Court on April 16, 1969.

The suit was heard by *Rutledge, J.*

*Michael C. Gilman,* Assistant Corporation Counsel, for the City of Boston, intervener.

*Robert E. Doane (Daniel P. Collins* with him) for the Fire Chiefs' Association of Boston.

*Alan Katz,* for Labor Relations Commission, was present but did not argue or submit a brief.

BRAUCHER, J. The intervener city of Boston (the city) appeals from a final decree of the Superior Court dismissing a bill for judicial review of a decision of the Labor Relations Commission (the commission) in an adjudicatory proceeding, and from an earlier interlocutory decree so far as it determines that deputy chiefs and district chiefs in the fire department of the city are not "executive officers" within the meaning of G. L. c. 149, § 178G. We summarize the proceedings.

On July 31, 1968, the Fire Chiefs' Association of Boston (the association) by a petition asked the commission, pursuant to G. L. c. 149, §§ 178G–178N, inserted by St. 1965, c. 763, § 2, the municipal collective bargaining law, to certify it as the collective bargaining representative of assistant chiefs, deputy chiefs, and district chiefs of the fire department of the city. The commis-

sion ruled that assistant chiefs are executive officers and
that the bargaining unit sought was inappropriate as
matter of law, and dismissed the petition.  Thereafter,
on November 26, 1968, the association filed a new peti-
tion seeking certification as representative of a unit in-
cluding only the deputy chiefs and district chiefs.  The
commission found that the unit was not appropriate and
dismissed the second petition.

On the bill for judicial review under G. L. c. 30A, § 14,
the judge ruled that the commission had not set forth
findings which justified its conclusion, and that the rights
of the parties might have been prejudiced by arbitrary
and capricious action, and remanded the case to the
commission for further proceedings.  The commission
then filed, on July 2, 1970, a supplementary decision con-
taining elaborate findings and an opinion concluding that
the Boston deputy chiefs and district chiefs are "execu-
tive officers" exempted from coverage by G. L. c. 149,·
§ 178G.[3]  On further judicial review under G. L. c. 30A,
§ 14, the judge found that the supplementary decision of
the commission was unsupported by substantial evidence,
and that the Boston deputy chiefs and district chiefs
are supervisory officers but not "executive officers."  His
interlocutory decree remanded the case again to the com-
mission.  The city appealed.  On November 30, 1971, the
commission filed a second supplementary decision, carry-
ing out the interlocutory decree and concluding that the
deputy chiefs and district chiefs constituted an appropri-
ate bargaining unit and directing that an election be
held.  The judge then entered, on February 8, 1972, a
final decree dismissing the bill for judicial review, and
the city appealed.

1. In *City Manager of Medford* v. *State Labor Rela-
tions Commn.* 353 Mass. 519, 524, we held that in the

---

[3] As amended by St. 1966, c. 156, § 178G, defines "Municipal em-
ployer" as including "any . . . city . . . "; "Employee" as "any em-
ployee of a municipal employer, whether or not in the classified service
of the municipal employer, *except* elected officials, board and commis-
sion members, and *the executive officers* of any municipal employer"
(emphasis supplied).

absence of allegations "(a) that the commission has exceeded its jurisdiction, (b) that there is any extraordinary occasion for varying the usual procedure for review, or (c) that special injury to the public interest or inconvenience to the city or its firefighters will occur if the commission's investigation takes the usual course . . . . it was premature for the Superior Court to exercise jurisdiction to review the commission's action." There the commission had decided that the appropriate unit consisted of the firefighters of the city, including deputy chiefs but excluding the chief, and had ordered an election. We held, in effect, that there had been no "final decision" within G. L. c. 30A, § 14 (as amended by St. 1957, c. 193, § 1; see now St. 1968, c. 637, § 1), when the municipal employer sought review. See *Jordan Marsh Co.* v. *Labor Relations Commn.* 312 Mass. 597, 602. We have applied the same rule when an employee organization sought judicial review of a similar decision. *Worcester Industrial Technical Inst. Instructors Assn. Inc.* v. *Labor Relations Commn.* 357 Mass. 118, 120–121. Ordinarily, judicial review must be postponed until the commission has issued or denied an order to desist from a practice prohibited by the statute. See, e.g., *Jordan Marsh Co.* v. *Labor Relations Commn.* 316 Mass. 748; *Labor Relations Commn.* v. *University Hosp. Inc.* 359 Mass. 516.

Such postponement of judicial review is not necessary in cases where the commission acts outside its jurisdiction. *Saint Luke's Hosp.* v. *Labor Relations Commn.* 320 Mass. 467, 469–474. *Massachusetts Bay Transp. Authy.* v. *Labor Relations Commn.* 356 Mass. 563, 564. In the *Medford* case, *supra,* at 524–527, we thought it appropriate to express our views on the principal issue in dispute even though judicial review was premature. In the present case neither party has argued the question whether judicial review is premature. The first supplementary decision of the commission denied the deputy chiefs and district chiefs any rights as employees under the statute, and the judge apparently regarded that ac-

tion as ripe for review. Compare *Leedom* v. *Kyne*, 358 U. S. 184, 190, with *Boire* v. *Greyhound Corp.* 376 U. S. 473, 481. In view of our opinion on the merits, and in view of the failure of the parties to argue the point, we pursue no further the question whether review is premature.

2. The association contends that, after the second supplementary decision of the commission, counsel for the city assented to election arrangements, and that this action constituted a waiver of the city's right to appeal. The documents on which this contention depends were not printed in the record but were submitted separately without consent or authorization; they are not properly before us and cannot be considered. In any event, consent by the city to election arrangements would show at most a prudent adjustment to the situation created by the interlocutory decree and the second supplementary decision. See *Bell* v. *North Reading, ante,* 505, 509–510. There is no indication that the city acquiesces in that situation. Compare *Kerrigan* v. *Boston*, 361 Mass. 24, 31–32.

3. The principles governing the scope of the exception of "executive officers" from the municipal collective bargaining law were discussed in the *Medford* case, 353 Mass. 519, 524–527. "Because the statute deals with public employees, public interest considerations are of greater importance in determining appropriate units than in cases dealing with private employment" (p. 525). Section 178H (4) "requires no more than that uniformed employees be kept in one or more units separate from the department's nonuniformed employees, thus enabling the commission to deal flexibly in the public interest with the great variety of situations which may confront it" (p. 525). "Because the 1965 statute contains no provision excluding from the definition of employee 'any individual employed as a supervisor,' the commission is not directly bound by Federal precedents in this respect. . . . Obviously, practices under the 1965 statute will develop on a case by case basis" (p. 526, fn. 7).

In the *Medford* case we thought that the commission was "plainly correct in excluding the chief as an 'executive officer,' " but that the "other members of the officer group" presented "a more doubtful question" (p. 526). Nevertheless, we indicated "that substantial evidence justified subsidiary findings which in turn would have permitted the commission's conclusions" (p. 527). The record in that case shows that six deputy chiefs were included in a bargaining unit consisting of some 154 uniformed members of the fire department. More recently an association of fire chiefs was certified as the representative of a bargaining unit consisting of twelve deputy chiefs and district chiefs and two supervisors in the fire department of the city of Springfield. Labor Relations Commn. Case No. MCR–990, April 28, 1972. The Boston fire department includes nearly 1,900 men, including twelve deputy chiefs and fifty-five district chiefs.

The commission's findings relied heavily on the size and diversity of the Boston fire department as compared to other fire departments in the Commonwealth. On this basis alone, it seems reasonable to conclude that the deputy chiefs in Boston, like the chief in Medford, are "executive officers"; but the district chiefs in Boston, like the other officers in Medford, "present a more doubtful question." The commission found that the district chiefs, as " 'Chief Officers,' are not working with the rank and file employees"; they function as an extension of the chief. "For this reason they are entitled to the more elaborate emoluments of their rank; the respect and attention of command; the independent discretion and exercise of their individual judgment on a daily basis." Their "mobility . . . , the chauffeur-driven vehicles, the participation in the development of departmental policy, their duty to implement and carry out these policies, separate them from the rest of the group."

The judge upheld the subsidiary findings of the commission, which seem to us to permit its conclusions. It follows that the first supplementary decision of the commission was supported by substantial evidence and should have been affirmed.

4. The interlocutory and final decrees are reversed, the second supplementary decision of the commission rendered November 30, 1971, is set aside, and the case is remanded to the Superior Court, where a new final decree is to be entered affirming the first supplementary decision of the commission filed July 2, 1970.

*So ordered.*