FRANCIS J. SULLIVAN & others *vs.* LABOR RELATIONS COMMISSION.

Suffolk.    May 18, 1977. — July 22, 1977.

Present: KEVILLE, GOODMAN, & BROWN, JJ.

*Practice, Civil,* Review of decision of Labor Relations Commission, Premature proceeding.  *Labor.  Labor Relations Commission.*

An action seeking review of a decision by the Labor Relations Commission to certify an organization as the bargaining representative of certain State employees was properly dismissed as premature, where there had been no subsequent decision by the commission based on an unfair labor practice by either the organization or the employer and where the certification decision was not alleged to be outside the commission's jurisdiction. [534-536]

An election by employees to select an organization as their bargaining representative need not be set aside for failure of the organization

---

to comply with the reporting requirements of G. L. c. 150E, §§ 13 and 14; certification of the organization as the bargaining representative could appropriately be conditioned on prompt compliance with those requirements. [536]

CIVIL ACTION commenced in the Superior Court on February 4, 1976.

The case was heard by *McNaught, J.,* on a motion to dismiss.

*Mark J. Dalton* for the plaintiffs.

*James M. Litton* for the defendant.

BROWN, J.   This case is before us on an appeal from the dismissal of an action commenced by the plaintiffs as officers of the Massachusetts State Employees Association (MSEA) seeking review of a decision by the Massachusetts Labor Relations Commission (commission) to certify an organization known as the "Alliance" as the bargaining representative of certain State employees.

In the spring of 1975, several organizations filed petitions, pursuant to article II, sections 2, 5, and 6 of the commission's Rules and Regulations Relating to the Administration of an Act Providing for Collective Bargaining for Public Employees (hereinafter referred to as Rules and Regulations),[1] seeking certification as the exclusive representative of certain State employees for the purpose of collective bargaining. "Decisions and Directions of Elections" were issued by the commission in October, 1975, and the commission conducted secret mail ballot elections during the period October 31 to November 17, 1975, among employees in units previously found appropriate by the commission. The election returns revealed that in units 1, 2, and 8, "Alliance, AFSCME/SEIU, AFL-CIO" (as it appeared on the ballot), received a majority of valid votes cast. In unit 9, "Local 780, AFSCME, AFL-CIO, a Member

---

[1] As these Rules and Regulations are readily accessible to us as a State publication, we take judicial notice of them. See *Cohen* v. *Assessors of Boston,* 344 Mass. 268, 269 (1962); *Bagge's Case, post,* 840 (1977).

of the Alliance"[2] (as it appeared on the ballot), received a majority of the valid votes cast. In unit 6, after a resolution of challenges to 26 of the ballots, the tally showed that the "Alliance, AFSCME/SEIU, AFL-CIO" (as it appeared on the ballot) received a majority of the valid votes cast in the election.

On December 17, 1975, MSEA filed a motion with the commission requesting that certificates of recognition not issue to the Alliance because the Alliance was not an employee organization within the meaning of G. L. c. 150E, and because the Alliance had not complied with the reporting requirements of G. L. c. 150E, §§ 13 and 14, inserted by St. 1973, c. 1078, § 2.[3] On January 14, 1976, the commission denied the motion of the MSEA and issued a ruling (on the motion) setting forth its reasoning. The commission issued a certificate of recognition in unit 9, and stated that it would certify the Alliance in Units 1, 2, 6, and 8 upon its compliance with the reporting requirements of G. L. c. 150E, §§ 13 and 14. On February 4, 1976, the plaintiffs filed, in the Superior Court, a complaint under G. L. c. 30A, § 14, as appearing in St. 1973, c. 1114, § 3, for review of the commission's decision. Also on February 4, 1976, the commission issued certificates of recognition in units 1, 2, 6, and 8; the plaintiffs then filed an amended complaint seeking review of the commission's latest action. The Superior Court judge granted the defendant commission's motion to dismiss filed pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974).

1. General Laws c. 30A, § 14, as appearing in St. 1973, c. 1114, § 3, provides that "any person or appointing authority aggrieved by a final decision of any agency in an adjudicatory proceeding ... shall be entitled to a judicial review ...." As representatives of a lawful employee organi-

---

[2] Throughout this opinion we will refer to the Alliance, AFSCME/ SEIU, AFL-CIO and Local 780 AFSCME, AFL-CIO, a member of the Alliance, interchangeably as the Alliance.

[3] The several local unions which comprise the Alliance complied with the reporting requirements of sections 13 and 14.

zation which sought to represent the State employees in question, the plaintiffs have standing as aggrieved persons to seek review of the commission's decision. See *Worcester Industrial Technical Inst. Instructors Assn. Inc.* v. *Labor Relations Commn.* 357 Mass. 118, 120-121 (1970). However, the Supreme Judicial Court has held on numerous occasions that, in the absence of extraordinary circumstances, "judicial review of certification issues may take place only after there has been a commission decision based upon an unfair labor practice." *Id.* at 120. *Jordan Marsh Co.* v. *Labor Relations Commn.* 312 Mass. 597, 602 (1942). *City Manager of Medford* v. *State Labor Relations Commn.* 353 Mass. 519, 522 (1968). Compare *American Fedn. of Labor* v. *NLRB,* 308 U. S. 401, 404-407 (1940); *Boire* v. *Greyhound Corp.* 376 U. S. 473, 476-479 (1964); *NLRB* v. *Joclin Mfg. Co.* 314 F. 2d 627, 631 (2d Cir. 1963). Judicial review of certification questions should not take place until a complaint is brought charging an employer or an employee organization with an unfair labor practice, and the commission has issued or denied the requested order. *City Manager of Medford* v. *State Labor Relations Commn. supra* at 523. It is at this stage that the commission's decision becomes sufficiently final so that it becomes appropriate for judicial review to take place. *Jordan Marsh Co.* v. *Labor Relations Commn. supra.*

Postponement of judicial review is not necessary, however, when the commission has acted in excess of its jurisdiction. *Massachusetts Bay Transp. Authy.* v. *Labor Relations Commn.* 356 Mass. 563, 564 (1970). *Harrison* v. *Labor Relations Commn.* 363 Mass. 548, 551 (1973). Although the plaintiffs have alleged that the commission has committed errors of law, we do not read their complaint to allege that the commission acted outside its jurisdiction. Nor have the plaintiffs alleged any other circumstance that would justify our deviating from the usual rule that a party must exhaust his administrative remedies before judicial review will be available to him. See *Harrison* v. *Labor Relations Commn. supra; Ciszewski* v. *Industrial Accident Bd.* 367 Mass. 135, 140-141 (1975). Particularly where, as

here, the commission has found that many of the questions raised by the plaintiffs are premature,[4] and where the plaintiffs did not request any further action by the commission following its decision to certify the Alliance,[5] we do not view the commission's action as constituting a final decision that can be judicially reviewed at this time.

2. We think it advisable to add that we agree with the commission's conclusion that the election need not be set aside because the Alliance failed to comply with the reporting requirements of G. L. c. 150E, §§ 13 and 14. Each provision, inserted by St. 1973, c. 1078, § 2, contains a statement with the following language: "In the event of failure of compliance with this section, the commission shall compel such compliance by appropriate order, said order to be enforceable in the same manner as other orders of the commission under this chapter." The commission's decision to condition its certification of units 1, 2, 6, and 8 upon the Alliance's prompt compliance with the reporting requirements of sections 13 and 14 was certainly within its statutory power. The commission was correct in stating that the purpose of those sections is to afford members of employee organizations an opportunity to know who is representing them and to hold those representatives accountable as their exclusive bargaining agents. The remedy formulated by the commission of requiring compliance with the reporting requirements of sections 13 and 14 prior to granting certification to the organization adequately protects the interests of the employees.

---

[4] The commission found that the question whether the representatives of the Alliance intended to represent employees jointly in the units involved was prematurely raised by the plaintiffs.

[5] As mentioned above, instead of requesting judicial review at this time, the plaintiffs could have brought an unfair labor practice complaint at the proper time under G. L. c. 150E, § 11, as amended by St. 1974, c. 589, § 3. See G. L. c. 150E, § 10, as amended by St. 1974, c. 589, § 2. In addition, the plaintiffs could have asked the commission to reinvestigate, hold another hearing, and if the circumstances warranted it, revoke the Alliance's certification. Rules and Regulations, article II, section 18.

3. Because the action was brought prematurely, the Superior Court judge was correct in dismissing it pursuant to Mass.R.Civ.P. 12 (b) (6), 365 Mass. 755 (1974).

*Judgment affirmed.*