LOCAL 1111, INTERNATIONAL ASSOCIATION OF FIRE
FIGHTERS, AFL-CIO vs. LABOR RELATIONS COMMISSION
& others [1]
(and a companion case [2]).

Hampden. Berkshire. April 20, 1982. — July 27, 1982.

Present: PERRETTA, DREBEN, & KASS, JJ.

Practice, Civil, Interlocutory appeal. Labor, Firefighters, Certification
    and election, Bargaining unit.

A decision by the Labor Relations Commission determining a collective
    bargaining unit and certifying representatives is not a final order for
    purposes of appeal. [237-239]
The Labor Relations Commission acted within its authority in determin-
    ing that a bargaining unit consisting of deputy fire chiefs was appro-
    priate. [239-241]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on September 26 and September 29, 1980, respective-
ly.

The cases were heard by Moriarty, J., on motions for
summary judgment.

Bart J. Gordon for the plaintiff.

Diane M. Drapeau for Labor Relations Commission.

Lawrence R. Ehrhard for Westfield Fire Department Su-
pervisors Association.

KASS, J.    Each of these companion cases raises the same
question:   whether the Labor Relations Commission may
under G. L. c. 150E, § 3, as amended by St. 1974, c. 526,
carve out a bargaining unit of deputy fire chiefs.

---

[1] City of Westfield and Westfield Fire Department Supervisors Associa-
tion.

[2] Local 2647, International Association of Fire Fighters, AFL-CIO vs.
Labor Relations Commission, City of Pittsfield and Pittsfield Deputy Fire
Chiefs' Association.

Local 1111 had been the exclusive bargaining representative for all uniformed employees in the Westfield fire department below the rank of fire commissioner (there were three commissioners) and fire chief. By petition dated July 9, 1979, the Westfield Fire Department Supervisors Association (WFDSA) sought to replace the incumbent union so far as deputy chiefs, captains, the superintendent of fire alarms and superintendent of maintenance were concerned. The commission found facts as to the nature of the duties of these employees and determined that, because they possess significant supervisory authority, the deputy chiefs ought to be in a separate bargaining unit; the other officers would remain in the bargaining unit represented by Local 1111.

In the Pittsfield case, Local 2647 petitioned to become the exclusive representative of two existing bargaining units, one consisting of privates, lieutenants, captains, deputy chiefs and the master mechanic, and another unit of fire alarm operators and signal maintainers. A day after Local 2647 filed with the commission, the Pittsfield Deputy Fire Chiefs Association also filed a petition asking for certification as the exclusive representative of a bargaining unit consisting of deputy chiefs. The commission determined that a bargaining unit of deputy chiefs would be appropriate.

Each of these certification decisions by the commission was appealed under G. L. c. 30A, § 14, and the cases were consolidated in the Superior Court, where the judge treated motions by the defendants to dismiss as motions for summary judgment (Mass.R.Civ.P. 56, 365 Mass. 824 [1974]) and ordered judgment for the defendants, i.e., he determined that the commission acted within its statutory authority and in accordance with the facts in designating a bargaining unit of deputy chiefs in each dispute.

1. *Prematurity of judicial proceedings.* In the Superior Court the defendants argued that judicial review did not lie from a certification decision of the commission, because such a decision is not a final order of the commission. In this regard they are correct. The motion judge appears to

have recognized as much in his memorandum and order, but took the precaution of answering the substantive question as well.

While it might seem that a certification order which chooses one union to the exclusion of the other is a final order as to the excluded union (compare *Borman* v. *Borman*, 378 Mass. 775, 779-780 [1979], on the subject of what is a final order), there is established case law to the contrary. The principle that a certification decision is not reviewable, because not a final order, was first enunciated in *Jordan Marsh Co.* v. *Labor Relations Commn.*, 312 Mass. 597, 601-602 (1942). After the decision in that case, Jordan Marsh Co. refused to bargain with the union representing the bargaining unit which the commission had designated. When the commission thereupon issued a prohibited practices order, which subsumed the certification decision, that order was final and reviewable. See *Jordan Marsh Co.* v. *Labor Relations Commn.*, 316 Mass. 748, 749 (1944).

In *City Manager of Medford* v. *Labor Relations Commn.*, 353 Mass. 519, 523-524 (1968), the principle of postponing judicial review until the commission has issued or denied an order was applied in the case of public employees. The *Medford* opinion foresaw possible exceptions to the usual rule in cases where: (a) the commission had exceeded its jurisdiction; (b) there was an extraordinary occasion for varying the usual procedure for review; or (c) there was a risk of special injury to the public interest or inconvenience to the city or its firefighters if the commission's investigation were to take the usual course. *Id.* at 524.

It was the employer who asked for review in the *Jordan Marsh Co.* and *Medford* cases. Subsequently, the principle was extended in cases of certification where the commission made a choice between one union and another and the excluded union sought review. *Worcester Industrial Technical Inst. Instructors Assn., Inc.* v. *Labor Relations Commn.*, 357 Mass. 118, 120-121 (1970). See also *Harrison* v. *Labor Relations Commn.*, 363 Mass. 548, 551-553 (1973), and

14 Mass. App. Ct. 236                                239

Local 1111, Int'l Ass'n of Fire Fighters, AFL-CIO *v.* Labor Relations Commission.

*Sullivan* v. *Labor Relations Commn.*, 5 Mass. App. Ct. 532, 535 (1977).

The plaintiff unions, which are pressing for a comprehensive bargaining unit, suggest that the commission has misconstrued G. L. c. 150E, § 3, and has, therefore, exceeded its jurisdiction, thus bringing into play one of the occasions for immediate review anticipated in *Medford.* Certification of bargaining units of firefighters, however, is expressly within the commission's competence and the manner in which it interprets a nuance of the statute does not subtract from its authority to deal with the certification question. Contrast *St. Luke's Hosp.* v. *Labor Relations Commn.*, 320 Mass. 467, 469-474 (1946), in which the court determined that the commission had no jurisdiction to consider labor disputes involving a charitable organization and, thus, treated a certification decision as reviewable. See also *Wheaton College* v. *Labor Relations Commn.*, 352 Mass. 731, 734-738 (1967), which was decided on the same basis. In *Massachusetts Bay Transp. Authy.* v. *Labor Relations Commn.*, 356 Mass. 563, 565-568 (1970), jurisdiction was found wanting because the MBTA was, at least impliedly, omitted from the statutory category of public employers over which the Legislature had assigned jurisdiction to the commission.

We see no facts which add up to an extraordinary occasion for varying the usual procedure nor any risk of special injury to the public interest or inconvenience to the city or its firefighters if the commission's investigation takes the usual course. The motion judge could, therefore, have rested his dismissal of each action entirely on the ground that the case was not ripe for judicial review.

2. *The merits.* Because the identical question has cropped up in two municipalities and bids fair to arise in other municipalities as well, we state our views on the underlying issue.

The commission designated separate bargaining units for the deputy chiefs in each case because they have supervisory tasks which the commission thought might make the inter-

ests of the deputy chiefs antagonistic to the officers and men of lower rank in each of the departments. The umbrella unions, i.e., the plaintiffs, resist that argument on the basis of the second sentence of G. L. c. 150E, § 3, which, so far as material, reads, "[I]n any fire department . . . no uniformed member of the department subordinate to a fire commission, fire commissioner, public safety director, board of engineers or chief of department shall be classified as a professional, confidential, executive, administrative or other managerial employee for the purpose of this chapter."

The plaintiff unions read this language as designed to insure vertically integrated fire department units and, conversely, to prevent the balkanization of fire departments into separate units. Analogous statutory language, however, was construed in *City Manager of Medford* v. *Labor Relations Commn.*, 353 Mass. at 524-525, in which the court concluded that the exclusion of "professional employees" from the bargaining unit (unless they chose otherwise) and the requirement of a "separate unit" for uniformed employees did not mean that all uniformed firefighters must be in the same unit, and that the commission could "deal flexibly in the public interest with the great variety of situations which may confront it." The plaintiffs concede as much in their brief and reply brief, but seem to suggest that a segregation of employees on the basis of supervisory capacity is proscribed by the statute. For this contention they rely on so much of G. L. c. 150E, § 3, as provides that "no uniformed member of the department subordinate to a fire commission, fire commissioner, . . . or chief of department shall be classified as a . . . managerial employee . . . ."

This fudges a distinction between the words "managerial employee" and an employee who may have supervisory responsibilities. "Managerial employee" is a term of art defined in G. L. c. 150E, § 1, as appearing in St. 1974, c. 354, and involves participation in determining policy, participation in bargaining, or "the exercise of independent judgment of an appellate responsibility." None of those functions pertain to deputy chiefs as their duties were de-

scribed by the commission. See *School Comm. of Wellesley* v. *Labor Relations Commn.*, 376 Mass. 112, 115-126 (1978). See also Fifth Interim Report of the Special Legislative Study Commission on Collective Bargaining, 1973 House Doc. 6194, at 8.

By St. 1974, c. 526, the proviso in the first paragraph of G. L. c. 150E, § 3, which dealt with who should not be classified as "a professional, confidential, executive, administrative or other managerial employee" was rewritten to its present form (quoted at page 5, *supra*). That amendment may have been reactive to so much of the decision in *Harrison* v. *Labor Relations Commn.*, 363 Mass. at 552-553, as excluded in lower echelon (deputy chiefs and district chiefs) of fire department officers from participation in any bargaining unit. The amendment reinforces the conclusion that the purpose of the proviso in § 3 is to make officers in fire departments eligible for representation by a bargaining unit, not to require their inclusion in a vertically integrated union.

*Judgments affirmed.*