BROM MACHINE & FOUNDRY
CO., Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 77–1506.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1977.

Decided Jan. 31, 1978.

Emery W. Bartle (on appendix and briefs) of Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., argued and made rebuttal, for petitioner; Jay L. Bennett, Minneapolis, Minn., on appendix and briefs.

Marion Griffin and Tom Gosselin (argued), Attys., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., on brief, for respondent.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

ROSS, Circuit Judge.

Brom Machine & Foundry Company has petitioned this court for review of an order of the National Labor Relations Board finding it to have violated §§ 8(a)(5) and (1) of the National Labor Relations Act,[1] by refusing to bargain with International Molders & Allied Workers, Local 63, (the Union), the certified bargaining representative of its employees. The Board has filed a cross-application for enforcement of its order.

The company admittedly has refused to bargain. It contends that the Union's challenges to three ballots in a decertification

1. 29 U.S.C. §§ 158(a)(5) and (1).

election should have been overruled and those ballots should have been counted. It argues that, since the Board failed to overrule those challenges, its certification of the Union was invalid. We disagree and grant the Board's cross-application for enforcement of its order.

From 1959 to 1974 an independent union represented the company's production and maintenance employees, including its patternmakers. In 1974, pursuant to a Stipulation for Certification upon Consent Election,[2] the Board conducted an election offering the company's employees three choices: 1) being unrepresented; 2) continued representation by the independent union; or 3) being represented by the Union. The stipulation described the appropriate unit for collective bargaining as:

> All full-time and regular part-time production and maintenance employees; but excluding all office clerical employees, guards, and supervisors as defined in the National Labor Relations Act, as amended.

The eligibility list for the 1974 election included two patternmakers and a part-time janitor.[3]

A majority of the employees voted to be represented by the Union and it was certified by the Regional Director. The company and the Union arrived at a bargaining agreement which expressly excluded the two patternmakers from the bargaining unit. The part-time janitor was excluded by oral agreement of the parties.

After the bargaining agreement expired on March 16, 1976, one employee filed a decertification petition. Another Stipulation for Certification upon Consent Election was approved by the Regional Director. The parties' stipulation regarding the bargaining unit was basically the same as the 1974 stipulation. However, the Union later objected to the inclusion on the voting eligibility list of the three employees who had been excluded from the unit under the last

bargaining agreement and who had been excluded from the first voting eligibility list for the 1976 decertification election.

The election was held on May 21, 1976, with the following results: 19 votes in favor of representation by the Union; 17 votes against representation; and 3 ballots challenged by the Union (those of the two patternmakers and the janitor).

After investigating the challenges, the Regional Director recommended certification of the Union. The Board sustained the challenges and certified the Union. Thereafter the company refused the Union's bargaining request and the Union filed an unfair labor practice charge. Finding §§ 8(a)(5) and (1) violations, the Board issued a cease and desist order to the company.

In reaching its decision sustaining the Union's challenge to the three votes, the Board relied on its policy that the appropriate unit in a decertification election is the unit *recognized in the last collective bargaining agreement.* In *Continental Can Company,* 217 N.L.R.B. 316 (1975), the Board stated:

> [I]n decertification cases the appropriate unit in which to conduct an election is the certified *or* contract unit. If the certified unit has been changed by contract, the Board relies upon the unit recognized by collective bargaining and on that basis holds an election to determine whether the employees wish to continue being represented.

*Id.* at 317.

The company contends that *Continental Can* does not control here because the parties stipulated to an appropriate unit. They cite an opinion from the United States Court of Appeals for the Second Circuit which held that where the parties have stipulated to an appropriate unit for a *representative* election "the Board may not alter the unit; its function is limited to

---

**2.** *See* 29 U.S.C. § 159(c)(4).

**3.** Because of the patternmakers' family relationships to the employer, their ballots were

challenged. However, since their ballots did not affect the outcome of the 1974 election the challenge was never resolved.

**1044**

construing the agreement according to contract principles, and its discretion to fix the appropriate bargaining unit is gone." *Tidewater Oil Co. v. NLRB*, 358 F.2d 363, 365 (2d Cir. 1966). However, that court recognized that "the Board has declined to give effect to a consent agreement even where the intent of the parties is clear, where to do so would run counter to a fundamental principle of national labor policy." *Id.* at 366.

The Board here found that "it would obviously frustrate the Board policy of directing decertification elections in the existing bargaining unit to permit the parties to vary the unit and participate in an election in a different unit of their own choosing."

 Although the Board policy favoring agreement between parties regarding the appropriateness of a bargaining unit in a representation election is generally applicable in decertification proceedings, we do not believe that the parties can stipulate to a unit larger[4] than the one covered in the last bargaining agreement. The statute refers to current representation. *See* 29 U.S.C. § 159(c)(1)(A)(ii). To include persons not currently represented by the Union would be in derogation of the statute, and violative of the purpose sought to be achieved. This is particularly so here where the three employees whose ballots were challenged were specifically excluded from the unit by the last bargaining agreement even though they might have been properly included under traditional "community of interest" tests. Furthermore, the Regional Director determined that in the negotiations for the second contract neither the company nor the Union indicated that these three employees would be included in the unit under a subsequent contract.

Their names did not appear on the first voting eligibility list submitted by the company in 1976, and the Union promptly objected when their names were added after the stipulation was signed.

Although the Board policy in issue here does not reach the level of a "fundamental principle of national labor policy," such as excluding supervisory employees in a bargaining unit, and it is apparently not an unbending policy,[5] in the circumstances here we believe that the challenge to the three votes in question was properly sustained.

The Board's cross-application for enforcement of its order is granted.

---

4. Our holding here in no way suggests that in a decertification proceeding a stipulation by the parties for a unit certified by the Board but smaller than the one covered in the last collective bargaining agreement might not be given effect.

5. In *Duke Power Company*, 191 N.L.R.B. 308 (1971), individually certified units had been incorporated into a system-wide collective bargaining agreement but the Board directed de-certification elections in separate units at three of the employer's plants. Similarly, in *Mission Appliance Corporation*, 129 N.L.R.B. 1417 (1961), the Board found that the last certified, smaller unit was appropriate for purposes of a decertification election even though it was only a segment of the unit covered by the last collective bargaining agreement. In neither case had the parties stipulated regarding the appropriate unit.