BOSTON POLICE PATROLMEN'S ASSOCIATION, INC. *vs.* LABOR RELATIONS COMMISSION. July 15, 1983. *Labor*, Union, Bargaining unit.

This appeal (G. L. c. 150E, § 11) by the Boston Police Patrolmen's Association, Inc. (association), from an order of the Labor Relations Commission (commission) rests solely on the argument that G. L. c. 150E, § 10(*b*)(1), is not intended to regulate internal union affairs. The association does not challenge the findings of the commission but claims that it improperly exercised jurisdiction in considering and sustaining charges filed in 1975 by two policemen, Paul A. Johnston and Joseph McNulty, that the association had engaged in prohibited practices (G. L. c. 150E, § 10[*b*][1]) by refusing to recognize the men as members in good standing in the association. We affirm the order of the commission which entered a cease and desist order and granted other relief.[1]

The facts found by the commission fully support its conclusion that the association's refusal to represent the men was not a matter of legitimate internal union discipline but was rather an attempt by the union, in violation of G. L. c. 150E, § 3, to decide for itself the scope of its appropriate bargaining unit. Originally certified in 1967 as exclusive representative of a bargaining unit composed of all patrolmen in the city of Boston, the

---

[1] The order also included the following affirmative relief: a refund, with interest, of union dues during the period of exclusion from membership; removal from association records of any information indicating that the men were at any time not members in good standing; mailing to all current and former members during the exclusion period copies of the decision and of an official notice of the commission indicating willingness by the association to comply with the commission's orders; and posting of that notice in conspicuous places.

association in 1974 sought, by filing a petition with the commission, to exclude from the unit patrolmen working in two divisions, Planning and Research (P & R) and a Special Investigations Unit (SIU), a unit responsible for seeking out police corruption and misconduct. In that year a computer printout erroneously listed Johnston and McNulty, who were both P & R employees, as having performed overtime for SIU. This printout fell into the hands of the association in the summer of 1975. Despite the men's assurances and persuasive evidence showing the computer error, the association, on September 18, 1975, determined that the men were members of SIU. Although the commission had not as yet acted on the association's petition, the union refused to consider the men as members in good standing of the association.

On February 9, 1976, the commission issued its decision and held that SIU employees should be excluded from the unit,[2] but that P & R employees properly belonged within it. On March 9, 1976, within a month of the decision, the association filed another petition (CAS-2109) before the commission seeking to exclude Johnston and McNulty on the ground that they were SIU employees. The two men were allowed to intervene in the petition (the charges filed by them in 1975, which led to the complaint of the commission in the present case, were held in abeyance pending the disposition of the petition filed by the association) and on April 11, 1978, the commission ruled, in *Boston Police Patrolmen's Assn.* v. *Boston,* 4 M.L.C. 1855, 1862 (1978) (CAS-2109), that Johnston and McNulty were not then, nor had they ever been, employed by the SIU in any capacity.

The men were not reinstated until July 19, 1978. When in August, 1978, Johnston notified the association that he planned to seek an association office, he was informed that he was ineligible to run because he had not been a member in good standing for twelve months, as required by the association's by-laws.

On this record, we can find no fault with the commission's conclusion "that the association's course of conduct did not relate solely to union membership" but rather that the union was attempting to determine the bargaining unit.

The refusal of membership was not purely a question of internal union discipline but was a matter which directly impinges on the policies of the labor laws. See *Scofield* v. *NLRB,* 394 U.S. 423, 429 (1969); *NLRB* v. *Boeing Co.,* 412 U.S. 67, 78 (1973). Contrary to the association's contention, even if a union's action does not involve the employment status of a union member, such action may violate the policy and mandate of the act and thus be a matter of commission concern. Cf. *NLRB* v. *Indus-*

---

[2] SIU members were excluded on the ground that "[c]onflict of interests and loyalties is inevitable between those who investigate and those who are investigated." *Boston & Boston Police Patrolmen's Assn.,* 2 M.L.C. 1353, 1356 (1976).

*trial Union of Marine & Shipbuilding Wrkrs.*, 391 U.S. 418, 424, 425 (1968).

Under G. L. c. 150E, § 3, the question of certification of a bargaining unit is expressly within the competence of the commission. *Local 1111, Intl. Assn. of Fire Fighters* v. *Labor Relations Commn.*, 14 Mass. App. Ct. 236, 239 (1982). A union may not, on its own, change the scope of a certified bargaining unit. Until the commission acted on the association's petition (i.e., February 9, 1976), or the unit was properly modified by contract, the 1967 certification remained in effect. Cf. *Brom Mach. & Foundry Co.* v. *NLRB*, 569 F.2d 1042, 1043 (8th Cir. 1978). Despite the association's strong feelings that its members should not work for SIU, it could not, consistently with G. L. c. 150E, § 3, determine unilaterally not to recognize SIU members as members of the bargaining unit. After the decision of February 9, 1976, the association's conduct was also inconsistent with its duty of representing all the members of the bargaining unit. Cf. *Humphrey* v. *Moore*, 375 U.S. 335, 342, 349 (1964). It had been made clear to the association officers that neither of the two men had ever been employed within the SIU and, during the litigation brought by the association after the certification decision, the association "advanced not a shred of credible evidence in support of its position."

We conclude that the commission committed no error in determining that the association violated G. L. c. 150E, § 10(*b*)(1), in refusing to recognize Johnston and McNulty as members of the bargaining unit.

*Order affirmed.*

*Jean Strauten Driscoll* for the defendant.
*Frank J. McGee*, for the plaintiff, submitted a brief.