**SAINTS MARY AND ELIZABETH HOSPITAL, Petitioner, Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Petitioner.**

Nos. 86–5114, 86–5158.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1986.

Decided Jan. 13, 1987.

William A. Blodgett, Jr. (argued), Woodward, Hobson and Fulton, Louisville, Ky., for petitioner, cross-respondent.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Howard E. Perlstein, John Welsh (argued), Howard Perlstein, Emil C. Farkas, Region 9, N.L.R.B., Cincinnati, Ohio, for respondent, cross-petitioner.

Before ENGEL, KRUPANSKY and NELSON, Circuit Judges.

PER CURIAM.

This matter is before the court upon the cross-petitions of petitioner Saints Mary and Elizabeth Hospital to review and of the National Labor Relations Board to enforce an order directing petitioner hospital to bargain with the Kentucky Nurses Association, which had been certified by the Board as the exclusive bargaining representative of certain employees of the hospital. The Board's order is reported at 277 N.L.R.B. No. 45. The dispute is whether three nurse clinicians should have been allowed to vote in a decertification election.

In 1980 the union was certified as the exclusive bargaining agent of the hospital's registered nurses. The bargaining unit was described as follows:

All full-time and regular part-time registered nurses ..., including charge nurses, nursing instructors, admitting and discharge planning nurses, the health nurse, the health care coordinator, the triage nurse, and graduate nurses, but excluding all other employees, and all guards, all head nurses and all other supervisors....

After certification but before the signing of the collective bargaining agreement, the hospital created the nurse clinician positions that are at issue. Under the job description of the new position, a nurse clinician was a registered nurse and in addition had expertise in a particular area of patient care.

In 1982 there was a decertification election, and the description of the voting unit was almost identical to the description of the bargaining unit that was certified in 1980. The union challenged the three nurse clinicians' votes, and the election resulted in a two-vote margin in favor of continuing union representation.

The NLRB sustained the union's challenges to the three nurse clinicians. According to the Board, the hospital and the union "never contemplated [that the clinicians were] part of the [registered nurses'] bargaining unit and *sub silentio* excluded them from [that] unit." Thus, the Board ruled that the union had won the election and ordered the hospital to bargain with the union.

The hospital argues that the Board's order should be set aside because the nurse clinicians are registered nurses and thus fit the definition of the bargaining unit. Furthermore, the hospital asserts that if the union had demanded to bargain on the clinicians' behalf, the hospital would have had to recognize the clinicians as part of the bargaining unit. In sum, the hospital argues that because the union is the clinicians' bargaining representative, the Board's decision disenfranchises the clinicians.

According to the union, the hospital would have had to accede to a union request to bargain on behalf of the clinicians only if they had chosen the union as their representative. Furthermore, the union argues that there is adequate evidence to support the Board's finding that the parties implicitly agreed to exclude the clinicians from the bargaining unit. That evidence is: the clinician positions were not reflected in the collective bargaining agreement's listing of wage scales or seniority for various jobs; the three individuals' names were not included on the seniority lists that the hospital periodically gave to the union as required by the contract; these individuals were paid a salary, whereas the contract provides that all employees are to be paid by the hour; and there was testimony showing that the hospital did not intend for the clinicians to be in the bargaining unit.

Upon a careful consideration of the record as a whole we conclude that substantial evidence supports the Board's determination that the hospital and the union in their negotiations which culminated in a collective bargaining agreement had contemplated that the three nurse clinicians were to be excluded from the bargaining unit, and therefore the Board's determination that they should likewise be excluded in the decertification proceedings cannot be determined to have been arbitrary or capricious given the lack of any interest demonstrated by the parties hereto or by the employees themselves in their inclusion when the collective bargaining agreement was negotiated. *Cf. Brom Machine & Foundry Co. v. NLRB*, 569 F.2d 1042 (8th Cir.1978).

Accordingly, the petition for review is DENIED and the Board's petition for enforcement is GRANTED in full.